492 So.2d 360 (1986)
Enrique GARCIA, Appellant, Cross-Appellee,
v.
STATE of Florida, Appellee, Cross-Appellant.
No. 64841.
Supreme Court of Florida.
June 5, 1986.
Rehearing Denied August 25, 1986.
*363 James Marion Moorman, Public Defender and Robert F. Moeller, Asst. Public Defender, Tenth Judicial Circuit, Bartow, for appellant, cross-appellee.
Jim Smith, Atty. Gen. and Frank J. Migliore, Jr., Asst. Atty. Gen., Tampa, for appellee, cross-appellant.
SHAW, Justice.
Appellant Garcia was convicted on two counts of first-degree murder, three counts of robbery, and one count of conspiracy to commit armed robbery with a firearm. The jury recommended, and the trial judge imposed, two death sentences on the murder convictions. The trial judge also sentenced Garcia to fifteen years on the conspiracy conviction and a consecutive life sentence on one of the robbery convictions. Guilt was adjudicated but sentences withheld on two of the robbery convictions. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const.
The relevant facts are as follows. Appellant and three accomplices planned to rob a farm market. The plan was discussed for a period of days and scheduled for a time when the market was expected to have substantial cash on hand for cashing pay checks. Because at least one of the four men was known by the two owners and their employee, the plan included the murder of witnesses. On the selected day, the four men entered the market, drew guns and forced the two owners, an elderly husband and wife, into a back room. The employee was held briefly in the front of the store at gunpoint and then taken to the back room. A relatively small sum of approximately eighty dollars was taken from the cash register, but the owners could not, or would not, provide the large sum of cash the robbers demanded even though they were threatened with death. When their demands were refused, the robbers killed first the husband and then the wife by multiple shots into the back of their heads as the victims lay prone on the floor. The employee was also shot five times but survived and testified at trial.
Appellant raises ten points for our consideration. He first argues that his absence at several stages of the proceedings violated his constitutional right to be present at trial and cites ten instances when he was absent. The first absence was at a pretrial conference immediately prior to the start of jury selection. At this conference, appellant's counsel purported to waive his presence and moved the court to grant a change of venue, to grant additional peremptory challenges, to sequester the jury during proceedings, and to grant individual voir dire of the jury panel. The trial judge granted the latter motion and deferred action on the first three. Appellant is correct in his assertion that he has a constitutional right to be present at all crucial stages of his trial where his absence might frustrate the fairness of the proceedings. Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); Snyder v. Massachusetts, 291 U.S. 97, 54 S.Ct. 330, 78 L.Ed. 674 (1934); Francis v. State, 413 So.2d 1175 (Fla. 1982); Fla.R.Crim.P. 3.180(a). It is also true that counsel's waiver of a defendant's absence at a crucial stage of a trial, without acquiescence or ratification by the defendant, is error. State v. Melendez, 244 So.2d 137 (Fla. 1971). However, appellant is incorrect in asserting that his absence frustrated the fairness of the proceeding. We do not see how his presence would have aided defense counsel in arguing the motions for a change in venue, for additional peremptory challenges, to sequester the jury, and to grant individual voir dire of the jury panel. Of these four motions, the trial judge granted the last, and deferred ruling on the first three. Appellant has not shown that he was prejudiced by his absence inasmuch as no adverse rulings were made on the motions.
Appellant also points out that Florida Rule of Criminal Procedure 3.180(a)(3) requires that the defendant be present at any pretrial conference unless the defendant *364 waives his presence in writing. Appellant thus urges that rule 3.180(a) defines crucial stages of adversary proceedings, the violation of which is per se reversible error. This reasoning overlooks this Court's treatment of violations of the rule in Francis v. State, 413 So.2d 1175 (Fla. 1982). In Francis, we determined it was error to deny the defendant the right to be present during the exercise of peremptory challenges and that this constituted a crucial stage of the trial. Nevertheless, we applied harmless error analysis to the error. Because we were unable to assess the extent of the prejudice, if any, we concluded that the error was reversible, i.e., harmful. It is clear then that while rule 3.180(a) determines that the involuntary absence of the defendant is error in certain enumerated circumstances, it is the constitutional question of whether fundamental fairness has been thwarted which determines whether the error is reversible. In other words, when the defendant is involuntarily absent during a crucial stage of adversary proceedings contrary to rule 3.180(a), the burden is on the state to show beyond a reasonable doubt that the error (absence) was not prejudicial. Delaware v. Van Arsdall, ___ U.S. ___, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986); United States v. Hasting, 461 U.S. 499, 103 S.Ct. 1974, 76 L.Ed.2d 96 (1983); Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). The state in this instance has met its burden of showing that the defendant suffered no prejudice as a result of the rule violation and that the error was thus harmless.
The other nine absences can be dealt with more briefly. Appellant was present during the proffered testimony of a prosecution witness but absent when counsel argued to the trial judge that the testimony was not admissible. Although the judge ruled that the testimony was admissible, the state did not call the witness and appellant suffered no prejudice. Appellant was next absent when counsel argued that a particular gun was not admissible. The judge ruled the gun was inadmissible and appellant was not prejudiced. Appellant was also absent during arguments on the chain of custody of certain evidence. Prior to the argument, appellant and counsel requested and obtained the permission of the court for appellant to be absent. Appellant's next absence occurred during the conference on jury instructions. Prior to the conference, in the presence of the court, counsel consulted appellant as to whether he wished to be present and, thereafter, in the presence of appellant, requested and obtained permission of the court for appellant to be absent. Appellant's next absence occurred after the jury retired to deliberate and sent a question to the judge concerning jury instructions. The judge discussed the question with both counsel and they agreed on an answer. Appellant was not present during this discussion. However, the record shows that immediately after the jury retired to resume deliberations, appellant and counsel approached the bench and requested that appellant not be summoned for further questions from the jury; that he waived his absence and only wanted to come back when the jury reached a verdict. In response to the court's question, appellant indicated satisfaction with everything to that point. We see no error in this "absence"; indeed, it appears that the partial absence occurred only because counsel was immediately available when the question came from the jury and it simply took longer to get appellant, a prisoner in custody, into court than it did counsel. In any event, appellant was present when the jury was summoned to receive the answer and ratified his previous absence. Later, in the same evening, the jury requested that certain testimony be read to them. This was done and the jury retired. Appellant was absent as per his earlier waiver. We see no error in the court respecting his desire to be present only for a final verdict.
Appellant's next two absences occurred during the penalty phase after the jury retired to consider its recommendations on the appropriate penalty for the two convictions of first-degree murder. When it initially retired, the jury had been given only one verdict form. It was *365 brought into open court and given the required two forms so that it could record recommendations on each conviction. Appellant was not present. Counsel waived his presence and represented to the court that there were two reasons for appellant's absence. One, he had previously indicated he did not want to be there except for verdicts. Two, during his last presence appellant had said aloud that he hoped the jury would give him death. Apparently this remark was only heard by defense counsel, but counsel was concerned that appellant might prejudice himself at this stage by the same or a similar remark to the jury. The judge acquiesced in the absence. Later, a second question was recieved from the jury. Again, defense counsel waived appellant's absence for the same reasons. It seems clear to us that appellant's absence was consistent with good trial strategy and appellant's earlier request that he not be brought back for jury questions. His absence under such circumstances does not constitute error.
Appellant's final absence occurred after the jury returned its recommendation of death and was discharged, but prior to sentencing. A hearing was held at which the trial judge granted appellant's motion that a pre-sentence investigation (PSI) be conducted and denied his motion for an additional sentencing hearing. Appellant's counsel represented to the court that appellant waived his presence. In view of the record showing that appellant did not wish to appear when purely legal arguments were made and counsel's representation that appellant had reiterated his desire not to be present, we are satisfied that he waived his presence at this hearing.
Appellant's second point is that three statements he gave to law enforcement officers were not voluntary and the trial judge erred in admitting them into evidence. A trial court ruling on a motion to suppress is presumptively correct and will be accepted if the record contains evidence supporting this ruling. McNamara v. State, 357 So.2d 410 (Fla. 1978). The first two statements were preceded by the prophylactic warnings required by Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Appellant acknowledged and waived his right to remain silent or to have a lawyer present. The circumstances surrounding the two statements indicate they were voluntary. We see no error. The third statement was made under different circumstances. While being transported from one jail to another, appellant engaged in conversation with the police driver. No Miranda warnings were given. However, contrary to appellant's suggestion, the officer driver did not engage in the functional equivalent of questioning. Rhode Island v. Innis, 446 U.S. 291, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980). The officer involved was not assigned to investigations or to the Garcia case. He was assigned full time to transporting prisoners and was not a trained interviewer or interrogator. The record indicates the conversation was desultory, pursued by the appellant, and had lapsed for a period of ten minutes or so when the appellant spontaneously stated that the state didn't have any witnesses because he and his partners didn't leave any. The driver did not respond to nor follow up on this admission. Under the circumstances we approve the ruling admitting this statement.
Appellant's third point is that the trial court erred in permitting an officer who responded to the crime to testify as to what the surviving victim told him when he asked what happened. The wounded victim, while still at the crime scene with her survival still in doubt, told the officer the gist of what had happened. Her response, as related by the officer, was consistent with her later testimony. We agree with appellee that her response was spontaneous, sprang from the stress, pain and excitement of the shootings and robberies, and was not the result of any premeditated design. As a contemporaneous utterance, it was admissible under the res gestae rule. State v. Williams, 198 So.2d 21 (Fla. 1967).
Appellant's fourth point is that the trial court erred in adjudicating him guilty *366 of two robberies which were the underlying felonies of his felony murder convictions. We have recently resolved this issue contrary to appellant's position. It is permissible to convict and sentence for both felony murder and the underlying felony. State v. Enmund, 476 So.2d 165 (Fla. 1985).
Appellant's fifth point is that the trial court erred in imposing sentences without benefit of a presentence investigation on those convictions not carrying a minimum mandatory sentence. Appellant acknowledges that this court has held that no PSI is required in capital cases. We have previously decided this issue contrary to appellant's position: Harich v. State, 437 So.2d 1082 (Fla. 1983), cert. denied, 465 U.S. 1051, 104 S.Ct. 1329, 79 L.Ed.2d 724 (1984); Buford v. State, 403 So.2d 943 (Fla. 1981), cert. denied, 454 U.S. 1163, 102 S.Ct. 1037, 71 L.Ed.2d 319 (1982).
Appellant's sixth point is that the sentencing recommendation of the jury was tainted by improper arguments of the prosecutor and the trial court's incomplete answer to a question from the jury. On the former, appellant argues that the argument was improperly directed to the aggravating factors of heinous, atrocious and cruel, and cold, calculated and premeditated, factors that were not presented to the jury for its consideration.[1] We have examined the comments and agree with appellee that the comments were directed at the aggravating factor that the murders were committed to kill witnesses in avoidance of arrest and prosecution.[2] Evidence or comments intended to show a calculated plan to execute all witnesses can also support the aggravating factors of heinous, atrocious and cruel and cold, calculated and premeditated. As the appellee points out, facts cannot be antiseptically packaged when presented to the jury. The jury was properly instructed on the aggravating factors it could consider and we find no error. During its deliberations in the sentencing phase, the jury asked if life sentences were imposed concurrently or consecutively. Over objection of appellant, the judge responded that such decision was reserved to him and referred the jury to the jury instructions. Appellant maintains that the jury should have been fully reinstructed on the law and functions of the court. Appellant argues that the limited instruction failed to apprise the jury of the importance of its role in the sentencing process. The record does not bear this out. The judge answered the question with a correct and complete statement of the law, relative to the jury inquiry, referring to the applicable portion of the jury instructions. We see no abuse of discretion. Generally feasibility and scope of reinstruction of the jury resides within the discretion of the judge. Henry v. State, 359 So.2d 864 (Fla. 1978).
Appellant's seventh point is that the trial judge erred in permitting the jury to consider improper aggravating factors and in excluding proper mitigating factors. Appellant first urges that it was improper for the prosecutor to argue to the jury that appellant and his accomplices had planned the murders in view of the jury verdicts that appellant committed felony murder. Appellant incorrectly assumes that felony murder and premeditated murder are mutually exclusive. As the evidence here abundantly demonstrates, it is entirely feasible to plan or premeditate both a robbery and a concomitant murder(s). It is not uncommon for robberies to be accompanied by an intent to kill or wound those who resist the robbery. This is particularly true where, as here, the robber and intended victim are known to each other and the robber plans to eliminate witnesses. A verdict of felony murder does not constitute a finding that the murder was not also premeditated. We have repeatedly held that the state may charge premeditated murder and prove the charge by introducing evidence showing (1) that the murder was committed with a premeditated design or (2) that it was done while perpetrating or attempting to perpetrate one or more of the enumerated felonies. Green v. *367 State, 475 So.2d 235 (Fla. 1985); Knight v. State, 338 So.2d 201 (Fla. 1976); Everett v. State, 97 So.2d 241 (Fla. 1957), cert. denied, 355 U.S. 941, 78 S.Ct. 432, 2 L.Ed.2d 422 (1958).
Appellant also urges it was error to instruct the jury on the aggravating factor that the murders were committed for the purpose of avoiding or preventing a lawful arrest.[3] Appellant's position is contrary to the evidence that the murders were premeditated in order to prevent witnesses from identifying the robbers. Adams v. State, 412 So.2d 850 (Fla.), cert. denied, 459 U.S. 882, 103 S.Ct. 182, 74 L.Ed.2d 148 (1982). Appellant next urges that it was error for the trial judge to find that the murders were heinous, atrocious and cruel.[4] We disagree. The evidence shows that the victims were forced to lie prone, while the perpetrators demanded more money and threatened to kill them if the demands were not met. When they were not met, one of the victims was executed in the hope that the other would then produce the demanded money. When the second victim did not produce the money despite repeated threats, that victim was also executed. Neither victim died immediately. It was proper for the trial judge to consider the fear and emotional strain which the victims endured as they awaited execution and to find that the murders were heinous, atrocious and cruel. Adams v. State; Francois v. State, 407 So.2d 885 (Fla. 1981), cert. denied, 458 U.S. 1122, 102 S.Ct. 3511, 73 L.Ed.2d 1384 (1982); Knight v. State. Appellant next urges that the trial court erred in restricting his right to present mitigating evidence. Appellant attempted to introduce four photographs of his home. The trial judge ruled to admit three of them, but not the fourth because it did not clearly show the home. The appellant then introduced only one photograph. We see no error. Appellant also urges it was error to deny him a second sentencing hearing because this prevented him from introducing additional mitigating factors. We disagree. The additional evidence was on appellant's background. At trial, appellant's counsel conceded it would be repetitious and of the same general nature as that previously introduced. Finally, on this point, appellant urges it was error not to find the statutory mitigating factor that appellant was twenty years old.[5] We disagree. As we pointed out in Echols v. State, 484 So.2d 568 (Fla. 1985), every murderer has an age. The fact that a murderer is twenty years of age, without more, is not significant, and the trial court did not err in not finding it as mitigating. Lemon v. State, 456 So.2d 885 (Fla. 1984), cert. denied, 469 U.S. 1230, 105 S.Ct. 1233, 84 L.Ed.2d 370 (1985).
Appellant's eighth point is that the trial court erred in giving the jury's recommendation of death greater weight than that to which it was entitled. In instructing the jury, the trial court stressed that the jury recommendation could not be taken lightly and would not be overruled unless there was no reasonable basis for it. In its sentencing order the judge noted he was imposing the sentence "independent of, but in agreement with" the jury recommendation. There is no error; this is the law. It is appropriate to stress to the jury the seriousness which it should attach to its recommendation and, when the recommendation is received, to give it weight. To do otherwise would be contrary to Caldwell v. Mississippi, 472 U.S. 320, 105 S.Ct. 2633, 86 L.Ed.2d 231 (1985), and Tedder v. State, 322 So.2d 908 (Fla. 1975).
Appellant's ninth point is that his death sentences are contrary to Enmund v. Florida, 458 U.S. 782, 102 S.Ct. 3368, 73 L.Ed.2d 1140 (1982), because it was not proved that he intended to kill the victims. Appellant also submitted a supplemental brief supporting his initial argument on this point. We have considered these arguments. As in point seven above, appellant finds significance in the jury verdicts that *368 he committed felony murder. Appellant misreads Enmund. The evidence here clearly shows that the plans for the robbery included the murder of the witnesses who could identify one or more of the robbers. There was evidence that appellant was present at the crime scene, participated actively in the crimes, and himself killed one or both of the victims. In sum, "it can hardly be said that he did not realize that lethal force was going to be used in carrying out the robbery." State v. White, 470 So.2d 1377, 1380 (Fla. 1985).
Appellant's final point is that his sentences of death deny him equal justice because none of the other three participants were sentenced to death. Appellant was tried separately and convicted and sentenced before his accomplices. Two of the accomplices plea bargained and received concurrent life sentences. The third went to trial and received consecutive life sentences. Neither the judge nor jury was aware of the convictions or sentences, but appellant asks in light of Slater v. State, 316 So.2d 539 (Fla. 1975), that we consider the accomplices' sentences in our review of his sentence to death. We are not presented with a Slater situation where a trigger-man receives a life sentence and an accomplice the death penalty. The evidence against appellant included an admission that he was a trigger-man. Even if we accept arguendo that one of the accomplices was also a trigger-man, there is no error in sentencing appellant to death where, as in this instance, the evidence supports the sentencing judge's conclusion that the aggravating factors outweigh the mitigating factors. Jacobs v. State, 396 So.2d 1113 (Fla.), cert. denied, 454 U.S. 933, 102 S.Ct. 430, 70 L.Ed.2d 239 (1981). Appellant's argument misapprehends the nature of proportionality review. Our proportionality review is a matter of state law. Pulley v. Harris, 465 U.S. 37, 104 S.Ct. 871, 79 L.Ed.2d 29 (1984); State v. Henry, 456 So.2d 466 (Fla. 1984). Such review compares the sentence of death to the cases in which we have approved or disapproved a sentence of death. It has not thus far been extended to cases where the death penalty was not imposed at the trial level. Proffitt v. Florida, 428 U.S. 242, 259 n. 16, 96 S.Ct. 2960 n. 16, 49 L.Ed.2d 913 (1976); Palmes v. Wainwright, 460 So.2d 362 (Fla. 1984); Brown v. Wainwright, 392 So.2d 1327 (Fla.), cert. denied, 454 U.S. 1000, 102 S.Ct. 542, 70 L.Ed.2d 407 (1981). Prosecutorial discretion in plea bargaining with accomplices is not unconstitutionally impermissible and does not violate the principle of proportionality. Palmes v. Wainwright. In the case of the third accomplice who went to trial and received consecutive life sentences, "an exercise of mercy on behalf of the defendant in one case does not prevent the imposition of death by capital punishment in the other case." Alvord v. State, 322 So.2d 533, 540 (Fla. 1975), cert. denied, 428 U.S. 923, 96 S.Ct 3234, 49 L.Ed.2d 1226 (1976). We have conducted a comparative proportionality review of appellant's death penalty and we are satisfied that the sentence is not disproportionate to the crime or to the death sentences that we have approved or disapproved statewide.
Appellant was also charged in Count IV of the grand jury indictment with attempted first-degree murder of the surviving victim. The count was technically defective in that it did not specifically allege premeditation but instead alleged the attempted first-degree murder was in violation of section 782.04, Florida Statutes (1981). Appellant filed a series of pretrial motions to dismiss the indictment, including Count IV, on the ground the indictment did not charge a violation of the laws of the state. There was no motion to dismiss stating specifically that Count IV did not allege premeditation. The trial judge withheld ruling until just prior to sentencing. Evidence of premeditation was presented and the jury instructed that attempted first-degree murder must either arise from premeditated design or be committed in the perpetration or attempted perpetration of a robbery. The jury returned a guilty verdict. It is clear to us that there was not a complete omission of an essential element and the indictment was not so vague as to mislead or prejudice appellant. State v. *369 Black, 385 So.2d 1372 (Fla. 1980); Fla.R. Cr.P. 3.140(o). The dismissal was error. On this point we reverse and remand for reinstatement of the jury's verdict and imposition of sentence.
In addition to reviewing the specific arguments raised by appellant, we have also reviewed the record pursuant to Florida Rule of Appellate Procedure 9.140(f) and conclude that a new trial is not required.
We affirm the convictions for first-degree murder, robbery, and conspiracy to commit armed robbery and the sentences imposed by the court. We reverse the dismissal of the attempted first-degree murder charge, and remand for sentencing on that charge.
It is so ordered.
BOYD, C.J., and EHRLICH, J., concur.
OVERTON and McDONALD, JJ., concur in part and dissent in part with opinions.
ADKINS, J., dissents with an opinion.
OVERTON, Justice, concurring in part, dissenting in part.
I concur with the convictions and agree with imposition of the death sentences, but, for the reasons expressed in my dissent in State v. Enmund, 476 So.2d 165 (Fla. 1985), I do not agree that sentences for the robberies may be legally imposed when the robberies are used as the underlying felonies to establish these first-degree felony murders.
McDONALD, Justice, concurring in part and dissenting in part.
I concur in the affirmance of Garcia's conviction. I dissent in the imposition of the death penalty.
This young immigrant migrant worker has no prior record. It is not clear to me that his involvement was greater than that of his comrades who received a lesser sentence. Garcia had told his accomplices that he wouldn't kill anyone; there is real doubt that he did. In any event, Garcia's involvement, while egregious, does not rise to the level of singling him out for the imposition of the death penalty.
I would direct the reduction of the death penalties to life imprisonment. I concur with the rest of the opinion dealing with sentencing.
ADKINS, Justice, dissenting.
I dissent. It is acknowledged by all courts that the defendant is required to be present during every "crucial" stage of the proceeding, unless properly waived. The courts were in confusion many years in determining what stage of the trial was a crucial stage.
The purpose of Rule 3.180, Rules of Criminal Procedure, was to list the stages of the trial which were considered "crucial", requiring the presence of the individual.
A pre-trial conference, for the first time, was authorized by Rule 3.220(1), which provides:
The trial court may hold one or more pre-trial conferences, with trial counsel present, to consider such matters as will promote a fair and expeditious trial. The accused shall be present unless he waives this in writing.
Rule 3.180 was then amended by the addition of (3) which requires the presence of the defendant "at any pre-trial conference; unless waived by defendant in writing."
This provision made the pre-trial conference a crucial stage. The defendant was not present, nor did he waive his presence in writing.
The majority opinion emasculates this provision of the rule.
NOTES
[1] § 921.141(5)(h) and (i), Fla. Stat. (1981).
[2] § 921.141(5)(e), Fla. Stat. (1981).
[3] § 921.141(5)(e), Fla. Stat. (1981).
[4] § 921.141(5)(h), Fla. Stat. (1981).
[5] § 921.141(6)(g), Fla. Stat. (1981).