ZEHMER, Judge,
dissenting.
The question on this appeal, as framed by counsel for appellant, is:
[Whether] the trial court erred in responding to a question from the jury after commencement of deliberations, without first consulting counsel for the parties and in the absence of appellant, [thereby] depriving appellant of a fair trial, due process of law, and the effective assistance of counsel, as guaranteed by the state and federal constitutions.
The record establishes without dispute that appellant was not present when the trial court communicated with the jury in response to its question. The state concedes that the record is absolutely silent as to whether the trial court notified counsel for defendant and the state prior to communicating with the jury and that, further, it is also silent as to whether or not defense counsel and the assistant state attorney were present during the communication with the jury. The state does not argue that such silence in the record requires us to decide this case on the basis that counsel was present because appellant failed to demonstrate otherwise, but, rather, that (1) the jury’s question was not a type of request falling within rule 3.410, Florida Rules of Criminal Procedure, and (2) in any event, the communication to the jury was harmless error.
Counsel for appellant correctly points out that violation of the notice requirements of rule 3.410 is, per se, reversible error. E.g., Williams v. State, 488 So.2d 62 (Fla.1986); Ivory v. State, 351 So.2d 26 (Fla.1977). Counsel for appellant also correctly notes that rule 3.180(a)(5), Florida Rules of Criminal Procedure, requires that a defendant shall be present at all proceedings before the court when the jury is present and that, although a violation of this rule does not require reversal per se, it is to be tested by the harmless error rule, provided counsel for defendant was consulted and present during the defendant’s absence. See, e.g., Meek v. State, 487 So.2d 1058 (Fla.1986); Garcia v. State, 492 So.2d 360 (Fla.1986); Amazon v. State, 487 So.2d 8 (Fla.), cert. denied, — U.S. -, 107 S.Ct. 314, 93 L.Ed.2d 288 (1986).
The majority opinion does not hold that the question by the jury and the trial court’s response fall outside the scope of rule 3.410. In my view, the requirements of that rule were applicable in this case. Curtis v. State, 480 So.2d 1277 (Fla.1985). Thus, determination of defense counsel’s presence or absence at this particular proceeding of the trial is critical to resolution of the point presented.
The majority declines to speculate that counsel was not present. By the same token, I decline to speculate that he was present. The majority’s reference to trial counsel’s affidavit stating that, although he had not had an opportunity to review the transcript, he had no recollection of any error in the proceedings does not resolve the issue one way or another. If trial counsel was not present during that proceeding, nothing in the record shows that he should or would be aware of the error now complained of by appellate counsel. *1313 Unlike the majority, I would, as requested by counsel for appellant, remand this case to the trial court for the taking of further evidence to establish whether or not defense counsel was present at the time in question.
Moreover, in order to avoid reversal for conducting a trial proceeding in the absence of the defendant, in violation of rule 3.180(a)(5), regardless of who has the burden of proving under rule 3.410 that counsel was or was not present, the state, because it has the burden to prove harmless error, also has the burden to show that counsel was, in fact, present. See Butler v. State, 493 So.2d 451 (Fla.1986), and State v. DiGuilio, 491 So.2d 1129 (Fla.1986). Therefore, I cannot agree with the majority that the silence of the record on this critical issue is sufficient to substantiate an affirmance on both grounds argued by appellant.
Accordingly, I would remand with instructions to determine whether defense counsel was present, and, if not, to vacate the judgment and grant appellant a new trial.