THOMPSON, Judge.
McGriff appeals his conviction and sentence for second degree murder with a firearm, armed burglary with a firearm, and armed robbery with a firearm. We affirm.
McGriff contends, inter alia, that the trial court erred in communicating with the jurors outside of his presence and without a knowing or voluntary waiver by him. He relies on Fla.R.Crim.P. 3.180(a)(5), which provides that the defendant shall be present at all proceedings before the court when the jury is present.
Because of the notoriety of the trial, security was a concern throughout the proceedings. On the first day of jury deliberations at 11:14 p.m., the judge and court reporter entered the jury room, without McGriff or his counsel being present, and the following transpired:
THE COURT: Ladies and gentlemen, I need to put this on the record [and that] is why the court reporter has come in here with me.
I have been advised by the bailiff that you all feel that it would be more productive to go home this evening and come back tomorrow fresh, I certainly think that's a reasonable decision you’ve come to. It’s about 11:15 now.
Nobody knows, out here, that you’re going home now. That’s why I’m coming in here and not going out to the main body of the courtroom. I don’t think there’s any reason to be concerned, and I hope none of you are. I think everybody acted pretty well during the trial, and we have plenty of security.
JUROR KELT: Judge, let me interrupt you. When we went down for dinner, there were people all over the courthouse lawn rambling around. And, rightly so, I think, we were all concerned.
THE COURT: Well, of course, we’re still in a free country, and I can’t stop people from being here. I understand that you’re in a position you’re not used to being in, but I understand your concerns, and I think you’ll be safe when you go tonight and when you come back in the morning.
I need to advise you, as I always do, that when you go to the motel this evening, please do not discuss the case any further. Once you leave tonight, your deliberations will be over; and, please, during the break, do not discuss the case with each other. The best thing for you to do is to- go home, get a good night’s rest, and you’ll be fresh tomorrow.
And, of course, don’t read the newspaper or look at television. I think the best thing for you to do is just not to think about the case at all.
Also, I’m going to tell the alternates that they will be able to go back, too. It’s not necessary that they be separate from you, but I’m going to tell them also that you can have conversation with them, as long as it's not about the case. I hope you will honor that, too. It’s a requirement....
The court then advised the two alternate jurors, outside of the presence of McGriff and his attorney, that deliberations would be resumed in the morning and they were not to discuss the case with the rest of the jurors when they returned to the motel. The following morning the trial judge and court reporter met with the jurors in the jury room, and the judge inquired whether anyone had been contacted or had seen any media coverage about the case.
*234 After the jury resumed deliberations, both the defense counsel and the prosecutor met with the trial judge in chambers. The judge noted for the record that defense counsel and the prosecutor had concurred in the court’s communications with the jurors that morning and the previous evening. They made no objection, with the understanding that the meetings pertained only to housekeeping or administrative matters. The trial court further noted the primary reason for communicating with the jurors outside the courtroom was because of the large number of spectators and to avoid any sort of intimidation.
Although Rule 3.180(a)(5) provides that a defendant shall be present at all times when the jury is present and the court erred in communicating with the jury outside of the defendant’s presence, the record clearly reflects that this action resulted in no prejudice to the defendant. Despite the fact that the court technically erred in not having the defendant present, the total lack of prejudice to the defendant renders the error harmless. Garcia v. State, 492 So.2d 360 (Fla.), cert. denied, 479 U.S. 1022, 107 S.Ct. 680, 93 L.Ed.2d 730 (1986).
We find no merit to the remaining alleged errors. Accordingly, the judgment and sentence is AFFIRMED.
SMITH and MINER, JJ., concur.