PER CURIAM.
Defendant seeks review of his conviction for one count of armed kidnapping and one count of unarmed kidnapping.
Appellant argues that the trial judge committed reversible error by communicating with the jury during the deliberation process outside the presence of Appellant and his counsel even though Appellant’s counsel subsequently concurred in such communication.
Any such communication was non-prejudicial since defense counsel subsequently concurred in same. Moreover, such communication was not in response to a jury request for reinstruction under rule 3.410, Florida Rules of Criminal Procedure, but merely was a repetition of earlier admonitions that the jury not deliberate outside the jury room. See McGriff v. State, 553 So.2d 232 (Fla. 1st DCA 1989) wherein a similar juror communication was deemed non-prejudicial where it was subsequently concurred in by counsel and pertained only to housekeeping or administrative matters.
Appellant also challenges the denial of his motion for judgment of acquittal. His argument in essence goes to the credibility of a defense witness who identified the *105 defendant. The matter was properly left to the trier of fact to decide.
Affirmed.