638 So.2d 973 (1994)
Alvin McGAULEY, Appellant,
v.
STATE of Florida, Appellee.
No. 93-0382.
District Court of Appeal of Florida, Fourth District.
June 1, 1994.
Rehearing and Certification Denied July 13, 1994.
Richard L. Jorandby, Public Defender, and David McPherrin, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Michelle A. Konig, Asst. Atty. Gen., West Palm Beach, for appellee.
KLEIN, Judge.
Defendant appeals his conviction for aggravated battery with a deadly weapon, arguing that the court erred in allowing a police officer to testify as to hearsay in the form of a response made by defendant's wife to the officer's inquiry. The state argues that the response was admissible because it was a spontaneous statement or excited utterance. We agree and affirm.
Defendant struck another man with a machete in a fight outside of a bar. Witnesses observed defendant run away from the scene, and soon thereafter the responding police officer went to defendant's house. As he arrived he heard sounds like someone running from behind the house, ran around to the back, and observed that a screen had been kicked out of a rear window. The officer then returned to the front of the house and asked defendant's wife, who had come to the door, "Who jumped out of the back window?" She responded that it was her husband.
*974 Defendant objected on the ground the response was hearsay, but the trial court admitted it as a spontaneous statement. Sections 90.803(1) and (2), Florida Statutes (1991), provide:
The provision of s. 90.802 to the contrary notwithstanding, the following are not inadmissible as evidence, even though the declarant is available as a witness:
(1) Spontaneous statement.  A spontaneous statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter, except when such statement is made under circumstances that indicate its lack of trustworthiness.
(2) Excited utterance.  A statement or excited utterance relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition.
Defendant argues that the statement was inadmissible because it was in response to a question and therefore not spontaneous. While this argument at first seemed logical, at least as to the spontaneous statement exception, we conclude that the response was admissible either as a spontaneous statement or an excited utterance.
As Professor Ehrhardt has observed, the two exceptions often overlap, the primary distinction being in how much time has elapsed between the event and the statement describing the event. Ehrhardt, Florida Evidence § 803.2 (1993 Edition).
In the present case the event for purposes of applying the statute was not the fight, but rather defendant's suddenly fleeing this one room apartment through a back window as the officer approached. When defendant's wife answered the police officer's question as to who went out the back window, her answer, in our opinion, was admissible under either exception to the hearsay rule. It was spontaneously made "while the declarant was perceiving the event ... or immediately thereafter" and was also an "excited utterance relating to a startling event." The fact that it was in response to the officer's question does not make it inadmissible.
In Garcia v. State, 492 So.2d 360, 365 (Fla. 1986), the defendant shot and killed a husband and wife, and wounded their employee who survived and testified at trial. The trial court permitted the officer who responded to the crime to testify as to what the surviving victim told him when he asked her what happened. In holding it was admissible, the court stated:
We agree with appellee that her response was spontaneous, sprang from the stress, pain and excitement of the shootings and robberies, and was not the result of any premeditated design.
While the supreme court in Garcia appears to have combined the requirements for both "spontaneous statement" and "excited utterance," it is nevertheless clear from the opinion that an answer to a question can still be spontaneous. And regardless of whether the evidence is a spontaneous statement or an excited utterance, the rationale behind its admissibility is the same. Professor Ehrhardt says in regard to the former:
The spontaneity of the statement negatives the likelihood of conscious misrepresentation by the declarant and provides the necessary circumstantial guarantee of trustworthiness to justify the introduction of the evidence.
And in regard to the latter:
A person who is excited as a result of a startling event does not have the reflective capacity which is essential for conscious misrepresentation; therefore statements that are made by the person who is in a state of excitement are spontaneous and have sufficient guarantees of truthfulness.
Ehrhardt, Florida Evidence § 803.1-803.2 (1993 Edition).
Webster's defines spontaneous as "developing without apparent external influence, force, cause or treatment" and "not apparently contrived or manipulated." Webster's New Collegiate Dictionary 1116 (1981 Ed.). While the first definition might not include an answer to a question, the second definition certainly would.
In People v. Farmer, 47 Cal.3d 888, 254 Cal. Rptr. 508, 765 P.2d 940, 950 (1989), Justice Mosk explained:

*975 In one sense, a "spontaneous" utterance is one that is voluntary and is initiated by, or at least not elicited from, the speaker.
* * * * * *
But "spontaneous" may also be used in a slightly different sense: to describe actions undertaken without deliberation or reflection.
* * * * * *
The crucial element in determining whether a declaration is sufficiently reliable to be admissible under this exception to the hearsay rule is thus not the nature of the statement but the mental state of the speaker. The nature of the utterance  how long it was made after the startling incident and whether the speaker blurted it out, for example  may be important, but solely as an indicator of the mental state of the declarant. The fact that a statement is made in response to questioning is one factor suggesting the answer may be the product of deliberation, but it does not ipso facto deprive the statement of spontaneity.
We conclude under the factual circumstances here that the trial court did not err in admitting the wife's response as a spontaneous statement or an excited utterance.[1] We have considered defendant's other arguments and found them to be without merit.
Affirmed.
ANSTEAD and STEVENSON, JJ., concur.
NOTES
[1] Even if the statement had not been admissible, it would have been harmless. State v. DiGuilio, 491 So.2d 1129 (Fla. 1986). Defendant not only admitted striking the victim with the machete, but further admitted he had done so after the victim no longer had his knife and was thus defenseless. His flight was neither disputed nor of any significance.