PATTERSON, Chief Judge.
Charles Williams appeals from his judgment and violent career criminal sentence for two counts of burglary of an unoecu- *653 pied conveyance. We reverse the judgment and sentence and remand for further proceedings because Williams was absent from a crucial stage of the proceedings.
The State charged Williams with two counts of burglary of an unoccupied conveyance, a third-degree felony. See § 810.02(4)(b), Fla.Stat. (1999). At a pretrial conference held on March 30, 2000, Williams was not present when counsel and the trial court discussed the potential violent career criminal sentences for Williams if he changed his not guilty plea to nolo contendere. When Williams entered the courtroom, the trial court told Williams that it had no option but to sentence him to a ten-year mandatory minimum sentence for burglary of an unoccupied conveyance. The trial court did not consider the sentencing option under section 775.084(3)(e)(5), Florida Statutes (1999), in Williams’ presence. That section provides that sentencing under the violent career criminal statute is not mandatory if the trial court finds that it is not necessary for the protection of the public. Williams changed his plea to nolo contendere, and the trial court imposed concurrent minimum mandatory terms of ten years. Furthermore, during the pretrial conference when Williams was absent, defense counsel alluded to sentencing options, but it was never expressly stated that the trial court had an alternative if it found that violent career criminal sentencing was not necessary for the protection of the public. We conclude that Williams’ absence when counsel and the trial court considered the potential violent career criminal sentences for Williams constituted fundamental error.
Williams “has a constitutional right to be present at all crucial stages of his trial where his absence might frustrate the fairness of the proceedings.” Garcia v. State, 492 So.2d 360, 363 (Fla.1986). Florida Rule of Criminal Procedure 3.180(a)(3) provides that “the defendant shall be present ... at any pretrial conference, unless waived by the defendant in writing.” “In situations involving violations of rule 3.180, ‘it is the constitutional question of whether fundamental fairness has been thwarted which determines whether the error is reversible.’ ” Pomeranz v. State, 703 So.2d 465, 471 (Fla.1997) (quoting Garcia, 492 So.2d at 364). Here, defense counsel and the trial court discussed the violent career criminal sentencing statute and appeared to reject a “statutory option” in sentencing. Thus, Williams’ fate was decided at the pretrial conference without his presence. Therefore, we reverse Williams’ judgment and sentence, allow him to withdraw his plea, and remand for further proceedings.
We do not reach the constitutional issues Williams raises regarding the violent career criminal statute. The trial court has not ruled on Williams’ constitutional arguments, and we note that Williams may raise those challenges to the trial court on remand. See Mem’l Hosp.-W. Volusia, Inc. v. News-Journal Corp., 729 So.2d 373, 384 (Fla.1999) (declining to decide the facial constitutionality of section 395.3036, Florida Statutes (Supp.1998), because “a constitutional challenge to this statute should follow usual procedures, with the challenge initially proceeding in the circuit court”).
Reversed and remanded for further proceedings.
FULMER and STRINGER, JJ„ concur.