456 So.2d 885 (1984)
George LEMON, Appellant,
v.
STATE of Florida, Appellee.
No. 63410.
Supreme Court of Florida.
July 19, 1984.
Rehearing Denied October 29, 1984.
*886 Jerry Hill, Public Defender, and W.C. McLain, Asst. Public Defender, Chief, Capital Appeals, Tenth Judicial Circuit, Bartow, for appellant.
Jim Smith, Atty. Gen., and Katherine V. Blanco, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
George Lemon appeals from his conviction of first-degree murder and sentence of death. We have jurisdiction pursuant to article V, section 3(b)(1), Florida Constitution.
Upon appellant's release from prison in January of 1982, after serving a sentence for assault with intent to commit first-degree murder for stabbing a female victim, he lived in a bedroom in an apartment belonging to one Lizzie Johnson. He soon met and began dating the victim, Kimble McNeil. Appellant wanted to marry McNeil, who was separated from her husband, but she began to retreat from the relationship. In August the two agreed to stop dating for a month to give McNeil time to think about the relationship. Appellant told Lizzie Johnson on two or three occasions that if he could not have McNeil no one would because he would kill her.
Appellant took a room at the Rama Inn in Lakeland and called McNeil on the evening of September 25. She told him she was still undecided and refused to meet him at the motel. The next morning appellant called again, and McNeil agreed to meet him at Lizzie Johnson's apartment that evening.
Appellant arrived around 6 p.m., took to his former bedroom a bag containing two knives, a role of reinforced plastic tape, and a .25 caliber automatic pistol. McNeil arrived at about 7:30 p.m. and later accompanied appellant into the bedroom.
Malinda, the victim's daughter, knocked on the bedroom door around 10 p.m. and called out to her mother. Hearing no answer, she returned home and was called later by appellant, who asked about her mother, and said he was at his motel. Malinda called Ms. Johnson, who discovered the victim's body outside the bedroom window. Appellant called Malinda again and said he did it because McNeil had hurt him by rejecting his overtures. After the police arrived at Ms. Johnson's, appellant called and said he was sorry it had happened. He was arrested at his motel room two days later.
According to appellant's confession, after he and McNeil were alone, she undressed partially but refused to have sex and started to scream. Appellant silenced her, but did not remember whether he choked her at that time or put a pillow over her face. He was able to remove the tape from the bag and wrap it tightly around her neck without her screaming. Appellant dressed and then listened to McNeil's heart, which continued to beat. He put her on the ground outside the bedroom window and stabbed her repeatedly with the carving knife from his bag. The medical examiner testified that the tape alone would have caused unconsciousness within one minute and eventual death, but that the victim was alive at the time of the stabbing.
A jury found appellant guilty of first-degree murder and recommended death. The court imposed the death sentence, after weighing two aggravating circumstances and one mitigating circumstance.
Appellant does not challenge his conviction. We nonetheless have reviewed the entire record as required by section 921.141(4), Florida Statutes (1981), and Florida Rule of Appellate Procedure 9.140(f). We *887 have determined that there is no reversible error.
Appellant argues that the trial court erred in refusing to read a psychological report which counsel did not attempt to introduce into evidence at the guilt phase of the trial. The report, attached to counsel's memorandum, was delivered to the trial judge approximately thirty minutes prior to the sentencing hearing with no assurance that the state had been furnished copies. The judge declined to read the material, but told defense counsel that he would "consider at this hearing any remarks you wish to make in regard to that report and any remarks you might wish to address that might be included in that memorandum." Defense counsel quoted from the report the portions most supportive of the defendant's argument in favor of mitigation. Under the circumstances, we find no error. The defense was able to bring the most favorable portions of the psychologist's report before the trial court, without having them accompanied by potentially prejudicial portions. The judge specifically considered all of the statutory mitigating factors which were not stipulated as inapplicable. He found the mitigating circumstance that the felony was committed under the influence of extreme mental or emotional disturbance, but rejected as mitigating circumstances the appellant's age and that the capacity of the defendant to appreciate the criminality of his conduct or to conform his conduct to the requirements of law was substantially impaired. Although the consideration of all mitigating circumstances is required, the decision of whether a particular mitigating circumstance is proven and the weight to be given it rests with the judge and jury. Smith v. State, 407 So.2d 894 (Fla. 1981), cert. denied, 456 U.S. 984, 102 S.Ct. 2260, 72 L.Ed.2d 864 (1982). We find no error.
Appellant argues that the trial court erred in failing to consider and weigh certain nonstatutory mitigating factors such as remorse, cooperation with the police, and the nature of the crime as one of passion. We disagree. After considering the statutory aggravating and mitigating factors, the trial judge stated that there were no other aspects of the defendant's character or record or other circumstances of the offense to establish any nonstatutory mitigating circumstances. It was within his province to decide whether a particular mitigating circumstance was proved and the weight to be given it. Daugherty v. State, 419 So.2d 1067 (Fla. 1982), cert. denied, 459 U.S. 1228, 103 S.Ct. 1236, 75 L.Ed.2d 469 (1983); Riley v. State, 413 So.2d 1173 (Fla.), cert. denied, 459 U.S. 981, 103 S.Ct. 317, 74 L.Ed.2d 294 (1982); Smith v. State. We find no error.
Appellant contends that section 921.141 and the standard jury instructions improperly preclude the consideration of some mitigating evidence by using modifying terms such as "extreme," "significant," "relative," and "substantial." We previously have rejected this argument. Johnson v. State, 438 So.2d 774 (Fla. 1983).
Appellant complains that the trial court erred in: refusing to instruct the jury on the definition of heinous, atrocious, or cruel from State v. Dixon, 283 So.2d 1 (Fla. 1973), cert. denied, 416 U.S. 943, 94 S.Ct. 1950, 40 L.Ed.2d 295 (1974); refusing to instruct the jury that a life recommendation could be returned even if no mitigating circumstances were found; and failing to instruct the jury on all the aggravating and mitigating circumstances of section 921.141, Florida Statutes (1981). We find no error. The standard jury instructions given by the trial court were adequate under the circumstances of this case.
Appellant asserts that the trial court erred in finding that the capital felony was especially heinous, atrocious, or cruel. We do not agree. The evidence indicates that Kimble McNeil was afraid of appellant and that she knew he intended to kill her when she pleaded, "Don't do what you're thinking." The medical evidence was consistent with strangulation and repeated stabbing, either of which could have resulted in death. Arguably the strangulation *888 would have rendered the victim unconscious and unable to feel pain by the time the stabbing occurred. Even so, strangulation itself, with the victim fully aware of her impending doom and begging the appellant not to proceed with his evil design, was heinous, atrocious, or cruel under these circumstances. See Smith v. State, 407 So.2d at 903.
Appellant argues that the sentence of death is disproportional to his crime. In support of this contention he relies upon Blair v. State, 406 So.2d 1103 (Fla. 1981); Kampff v. State, 371 So.2d 1007 (Fla. 1979); and Chambers v. State, 339 So.2d 204 (Fla. 1976). Those cases, however, are distinguishable. In Blair, wherein several aggravating factors had been improperly found and there was a mitigating factor, this Court remanded for imposition of a life sentence because the death sentence was disproportional in that particular case. The defendant had killed his wife by shooting her after she threatened to tell the police about the defendant's relationship with her daughter. The mitigating factor in that case was that the defendant had no significant history of prior criminal activity. The only valid aggravating factor was that the felony was committed either for the purpose of preventing a lawful arrest or to disrupt or hinder the enforcement of law in concealing and preventing the reporting of sexual battery upon a minor female child.
In Kampff, wherein the defendant killed his former wife by shooting her, there were mitigating circumstances and no proper aggravating circumstances. In Chambers, wherein the defendant beat his victim to death, the jury recommended life. When a jury override is involved, it is inappropriate for the trial court to impose the death penalty unless the facts suggesting death are so clear and convincing that no reasonable person could differ. Tedder v. State, 322 So.2d 908 (Fla. 1975).
The state relies upon King v. State, 436 So.2d 50 (Fla. 1983) and Harvard v. State, 414 So.2d 1032 (Fla. 1982), cert. denied, 459 U.S. 1128, 103 S.Ct. 764, 74 L.Ed.2d 979 (1983), in arguing proportionality. These cases are more similar to the present case in that both also involved defendants killing women with whom they had a relationship after a previous conviction for a similar violent offense. The death sentences were affirmed in these cases.
Appellant correctly points out that in the present case there is a mitigating factor, unlike in King and Harvard. The trial court did find that the defendant was acutely emotionally disturbed at the time of the offense, but indicated that there was some question as to the degree of the defendant's emotional disturbance, i.e., whether it was extreme. The court found that the mitigating circumstance did not outweigh the aggravating circumstances. Comparing the murder and other circumstances herein with those in the cited cases, and past capital cases, we conclude that the sentence imposed here is not comparatively disproportionate. We affirm as to this point.
For the reasons expressed, we affirm the conviction and sentence of death.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, ALDERMAN, McDONALD, EHRLICH and SHAW, JJ., concur.