561 So.2d 560 (1990)
Robert Ellis BLAKELY, Appellant,
v.
STATE of Florida, Appellee.
No. 72604.
Supreme Court of Florida.
May 3, 1990.
Rehearing Denied June 20, 1990.
James B. Gibson, Public Defender, and Christopher S. Quarles, Asst. Public Defender, Seventh Judicial Circuit, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., and Margene A. Roper, Asst. Atty. Gen., Daytona Beach, for appellee.
PER CURIAM.
Robert Blakely appeals his conviction for first-degree murder and sentence of death. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const. We affirm the conviction, reverse the sentence, and remand for imposition of a life sentence.
During the early morning hours of April 20, 1987, Robert Blakely awakened his three daughters and told them that he had killed Elaine, his wife. When the police arrived, Blakely repeated his statement and led them to the master bedroom, where they found Elaine's body in bed. She had been bludgeoned to death with a hammer. Blakely was charged with and found guilty of first-degree murder. During the penalty phase of the trial, both parties stipulated that Blakely's only prior criminal offense was a 1969 driving while intoxicated conviction in Missouri; neither side presented additional evidence. The jury unanimously recommended death. Before sentencing, Blakely's lawyer was permitted to withdraw and new counsel was obtained and allowed to present additional evidence in mitigation. The court sentenced Blakely to death, finding the presence of two aggravating factors (the crime was especially heinous, atrocious, or cruel, and was committed in a cold, calculated, and premeditated manner) and one mitigating circumstance (no significant prior criminal activity).
Blakely raises a number of issues on appeal,[1] most of which relate to the sentencing *561 phase of his trial. We find all issues concerning the guilt phase of the trial to be without merit and address a single dispositive claim relating to the sentence. Blakely asserts that imposition of the death penalty in this case is disproportionate to the crime in light of the penalty imposed in factually similar cases. We agree. Elaine's death occurred as the result of a long-standing domestic dispute. The Blakelys were deeply in debt and frequently fought over money. Their main area of conflict, however, appears to have been the children. The couple had three daughters: Tammy, by Elaine's prior marriage; and Heidi and Brandy, by Robert's earlier marriage. Elaine was a strongwilled woman and was highly partial toward her own child. The situation degenerated to the point where Heidi's and Brandy's teachers would conceal grades from the mother so that she would not unduly punish them. A school principal testified that Robert was so upset about the situation that at times he would come to her office and cry. She told him that he had to learn to stand up to Elaine. This marital discord culminated in an argument the night of the attack. A neighbor who spoke with Blakely immediately following the killing testified that Blakely had reached his breaking point:
Q. What did he say at that time?
A. As I recall, it is that he couldn't take it anymore, and that he  she always fussed with the children and gave them a hard time, and that's basically what he said that I recall.
"[T]his Court [has] stated that when the murder is a result of a heated domestic confrontation, the death penalty is not proportionally warranted." Garron v. State, 528 So.2d 353, 361 (Fla. 1988). We have expressly applied this proportionality review to reverse the death penalty in a number of domestic cases.[2] On the other hand, we have affirmed the death sentence under express proportionality review where the defendant has been convicted of a prior "similar violent offense."[3] In the instant case, Blakely had committed no prior similar crime. The killing resulted from an ongoing and heated domestic dispute and was factually comparable to that in Ross v. State, 474 So.2d 1170 (Fla. 1985), wherein the husband bludgeoned the wife to death with a hammer or other blunt instrument. We reversed the death penalty there on proportionality grounds.
Accordingly, we find Blakely's death sentence disproportionate. We affirm the conviction, reverse the death sentence, and remand for imposition of a life sentence.
It is so ordered.
OVERTON, McDONALD, SHAW, GRIMES and KOGAN, JJ., concur.
EHRLICH, C.J., concurs with an opinion, in which BARKETT, J., concurs.
EHRLICH, Chief Justice, concurring.
While I join the Court's opinion as to proportionality, I write separately to express *562 the view that the trial court erred in finding two aggravating factors: that the capital felony was especially heinous, atrocious, and cruel; and that the homicide was committed in a cold, calculated, and premeditated manner without any pretense of moral or legal justification.
I do not believe that the state sustained its burden of proving these two factors beyond and to the exclusion of all reasonable doubt. Hence, as I see it, there were no aggravating factors and there was one statutory mitigating factor. The death penalty is not justified under these circumstances.
BARKETT, J., concurs.
NOTES
[1] Blakely raises the following issues:

1) The trial court erred in allowing the state to use the report of a court-appointed expert, Dr. Pollack, who had examined Blakely.
2) The death penalty is disproportionate under these facts.
3) Evidence of premeditation was insufficient.
4) The court improperly restricted Blakely's presentation of evidence at sentencing.
5) The trial court improperly restricted argument of defense counsel by allowing only one lawyer to speak at a time.
6) Blakely became incompetent during trial.
7) The trial court should have appointed an expert to evaluate whether Elaine had been conscious during the attack.
8) The heinous, atrocious, or cruel aggravator was absent.
9) The cold, calculated, and premeditated aggravator was absent.
10) The heinous, atrocious, or cruel aggravator is unconstitutionally vague.
11) The court failed to sufficiently weigh uncontroverted mitigating evidence.
12) The jury was told that its role was advisory only.
13) Blacks were wrongly excluded from the jury.
14) Florida's capital sentencing statute is invalid.
[2] See, e.g., Amoros v. State, 531 So.2d 1256, 1261 (Fla. 1988) (life, not death, sentence is "proportionately correct" for shooting death of former girlfriend's lover; jury recommendation of death); Garron v. State, 528 So.2d 353, 361 (Fla. 1988) ("death penalty is not proportionally warranted" for shooting death of wife and stepdaughter; jury recommendation of death); Wilson v. State, 493 So.2d 1019, 1023 (Fla. 1986) ("death sentence is not proportionately warranted" for shooting death of father and stabbing death of cousin; jury recommendation of death; presence of heinous, atrocious, or cruel aggravator, and prior violent felony aggravator); Ross v. State, 474 So.2d 1170, 1174 (Fla. 1985) ("death penalty is not proportionately warranted" for bludgeoning death of wife; jury recommendation of death; presence of heinous, atrocious, or cruel aggravator).
[3] See Lemon v. State, 456 So.2d 885, 888 (Fla. 1984), cert. denied, 469 U.S. 1230, 105 S.Ct. 1233, 84 L.Ed.2d 370 (1985) (death sentence "is not comparatively disproportionate" for stabbing death of girlfriend where defendant had prior conviction for assault with intent to commit first-degree murder for stabbing another female victim); see also King v. State, 436 So.2d 50, 55 (Fla. 1983) (death penalty affirmed as comparable where defendant had prior manslaughter conviction for axe-slaying of woman victim), cert. denied, 466 U.S. 909, 104 S.Ct. 1690, 80 L.Ed.2d 163 (1984); Williams v. State, 437 So.2d 133, 137 (Fla. 1983) (death sentence "is not comparatively inappropriate" where defendant had prior assault convictions for shooting victims), cert. denied, 466 U.S. 909, 104 S.Ct. 1690, 80 L.Ed.2d 164 (1984).