691 So.2d 1062 (1996)
Dusty Ray SPENCER, Appellant,
v.
STATE of Florida, Appellee.
No. 85119.
Supreme Court of Florida.
September 12, 1996.
Rehearing Denied April 14, 1997.
*1063 James B. Gibson, Public Defender and James R. Wulchak, Chief, Appellate Division, Seventh Judicial Circuit, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General and Margene A. Roper, Assistant Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
Dusty Ray Spencer appeals the imposition of the death penalty on resentencing. We have jurisdiction pursuant to article V, section 3(b)(1) of the Florida Constitution. For the reasons expressed below, we affirm the death sentence.
Spencer was convicted of the first-degree murder of his wife Karen Spencer, as well as aggravated assault, aggravated battery, and attempted second-degree murder. The facts surrounding these crimes are discussed in Spencer v. State, 645 So.2d 377, 379-80 (Fla. 1994). Following the jury's recommendation, the trial court sentenced Spencer to death for the first-degree murder. On appeal, we affirmed the convictions but vacated the death sentence because the trial court improperly found the cold, calculated, and premeditated (CCP) aggravating circumstance and improperly rejected the statutory mitigating circumstances of "committed while the defendant was under the influence of extreme mental or emotional disturbance" and "substantial impairment of the defendant's capacity to appreciate the criminality of his conduct or to conform his conduct to the requirements of law." Id. at 384-85. Consequently, we remanded the case for reconsideration of the death sentence by the judge. Id. at 385.
After hearing argument from the parties, the judge again imposed the death sentence. The judge found two aggravating circumstances: 1) Spencer was previously convicted of a violent felony, based upon his contemporaneous convictions for aggravated assault, aggravated battery, and attempted second-degree murder; and 2) the murder was especially heinous, atrocious, or cruel (HAC). § 921.141(5)(b), (h), Fla.Stat. (1993). The judge also found three mitigating circumstances: 1) the murder was committed while Spencer was under the influence of extreme mental or emotional disturbance; 2) Spencer's capacity to appreciate the criminality of his conduct or to conform his conduct to the requirements of law was substantially impaired; and 3) the existence of a number of nonstatutory mitigating factors in Spencer's background, including drug and alcohol abuse, paranoid personality disorder, sexual abuse by his father, honorable military record, good employment record, and ability to function in a structured environment that does not contain women. § 921.141(6)(b), (f), Fla.Stat. (1993). In weighing the aggravating and mitigating circumstances, the judge gave "some weight" to the statutory mental mitigators and "very little weight" to the nonstatutory mitigators and concluded that "the aggravating circumstances outweigh all the mitigating circumstances."
On appeal to this Court, Spencer raises two issues, the first of which includes a number of subissues. In his first issue, Spencer argues that the death sentence was improperly imposed because: a) the sentencing order is insufficient in its factual basis and rationale; b) the judge considered inappropriate aggravating circumstances; c) the statutory and nonstatutory mitigating factors *1064 outweigh the aggravating factors; and d) the death sentence is not proportionately warranted in this case. In his second issue, Spencer argues that the use of hearsay testimony during the penalty phase proceeding violated his constitutional rights to due process, confrontation, and cross-examination.
Spencer raised the hearsay issue in his original appeal to this Court, and we found no error. See Spencer, 645 So.2d at 383-84. We will not revisit this issue after remand for a reweighing of the aggravating and mitigating circumstances by the judge. Spencer also argues that the trial court improperly found HAC because his mental impairments negated any intent to inflict pain or suffering on the victim. Spencer challenged the applicability of the HAC factor on a different ground in his original appeal to this Court, and we concluded that HAC applied under the facts of this case. Id. at 384. We will not revisit this issue in the guise of a new argument. Moreover, we find no merit to that argument.
Spencer also contends that the trial court considered other inappropriate aggravating circumstances in imposing the death sentence. Specifically, Spencer argues that although the court did not list CCP as an aggravating circumstance it still relied upon this factor to justify imposition of the death sentence. He also contends that the court improperly considered the following as nonstatutory aggravating factors: attacks and threats by Spencer in December that were directed to his wife but which never resulted in convictions; Spencer's successful business record; and his military heroism. We find no merit to this claim. While the sentencing order discusses certain circumstances that are indicative of planning and premeditation by Spencer, it does so in the context of determining how much weight to ascribe to the mental mitigating circumstances. The judge concluded that although the statutory mental mitigators had been established in this case, they should be assigned only "some weight" because this other evidence indicated a "deliberate thought process by [Spencer] to kill Karen Spencer." The judge also assigned less weight to the mitigating factors because, despite mental and emotional impairments and chronic substance abuse, Spencer was still capable of running a successful business and performing heroic acts in the military. Thus, we do not find that the judge considered improper aggravating circumstances.
Spencer also argues that the court improperly limited mitigation to matters directly connected with the murder and erred in assigning little weight to the mitigating circumstances. Mitigating factors include all matters relevant to the defendant's character or record or to the circumstances of the offense proffered as a basis for a sentence less than death. Rogers v. State, 511 So.2d 526, 534 (Fla.1987) (citing Lockett v. Ohio, 438 U.S. 586, 604-05, 98 S.Ct. 2954, 2964-65, 57 L.Ed.2d 973 (1978)), cert. denied, 484 U.S. 1020, 108 S.Ct. 733, 98 L.Ed.2d 681 (1988). The sentencer may not refuse to consider any relevant mitigating evidence. Id. However, it is within the sentencing judge's discretion to determine the relative weight to give to each established mitigator, and that ruling will not be disturbed if supported by competent, substantial evidence in the record. Johnson v. State, 660 So.2d 637, 646 (Fla.1995), cert. denied, ___ U.S. ___, 116 S.Ct. 1550, 134 L.Ed.2d 653 (1996); Johnson v. State, 660 So.2d 648, 663 (Fla.1995), cert. denied, ___ U.S. ___, 116 S.Ct. 1550, 134 L.Ed.2d 653 (1996).
Contrary to Spencer's contention, the judge did not limit his consideration of the mitigating factors to those directly connected with the murder. The judge found the two statutory mental mitigators to be applicable and also found Spencer's history and background to be a nonstatutory mitigating factor. It appears that Spencer's real complaint involves the weighing process and the weight accorded the mitigating factors. The sentencing order addresses the weighing of the aggravating and mitigating circumstances in great detailten pages of the sixteen page order deal with the weighing of these circumstances. As discussed above, the judge evaluated the mitigation in light of the other evidence presented, the facts leading up to the killing, and the nature of the killing. Based upon this evaluation and assessment, the judge concluded that the mitigation could *1065 not be accorded overwhelmingly great weight and thus did not outweigh the aggravating circumstances. Because there is competent, substantial evidence in the record to support that ruling, we find no error. Johnson.
In summary, we find no deficiency in the sentencing order and instead conclude that there is sufficient factual basis and rationale to support the court's imposition of the death sentence in this case.
Finally, Spencer argues that the death sentence is not proportionate in his case and cites a number of cases involving domestic disputes where this Court found that the death penalty was not warranted. See, e.g., Santos v. State, 629 So.2d 838 (Fla. 1994) (finding death sentence not warranted for defendant who killed his daughter and her mother after a long history of domestic problems). However, this Court has never approved a "domestic dispute" exception to imposition of the death penalty. See id. (finding death sentence disproportionate because four mitigating circumstances of extreme emotional disturbance, substantial inability to conform conduct to requirements of law, no prior history of criminal conduct, and abusive childhood outweighed single aggravating circumstance of prior violent felonies based upon crimes that occurred during the murders). In some murders that result from domestic disputes, we have determined that CCP was erroneously found because the heated passions involved were antithetical to "cold" deliberation. Santos v. State, 591 So.2d 160, 162 (Fla.1991); Douglas v. State, 575 So.2d 165, 167 (Fla.1991). However, we have only reversed the death penalty if the striking of the CCP aggravator results in the death sentence being disproportionate.
Although the two statutory mental mitigators were found in the instant case, the judge did not ascribe great weight to them based upon the other evidence present, including Spencer's ability to function in his job and his capacity to plan and carry out his wife's murder. In contrast, the defendant in Santos was ruled incompetent to stand trial when he "suddenly became psychotic during the initial stages of the criminal proceedings... and remained so until the following year." Santos, 591 So.2d at 161. In fact, Santos exhibited "bizarre and agitated behavior," including mumbling incoherently, suffering paranoid delusions, hearing voices, and "making strange noises, grunts and snorts." Id. at 162. On one occasion, Santos was even observed throwing feces. Id. Thus, on appeal we concluded that death was not proportionally warranted for Santos because the case for mitigation was "far weightier than any conceivable case for aggravation that may exist." Santos, 629 So.2d at 840.
We cannot reach the same conclusion in the instant case. Here, the judge properly found the HAC and prior violent felony aggravating circumstances and the record supports the judge's decision to give little weight to the mitigating circumstances. We affirmed the death sentence in Lemon v. State, 456 So.2d 885 (Fla.1984), cert. denied 469 U.S. 1230, 105 S.Ct. 1233, 84 L.Ed.2d 370 (1985), under similar circumstances. Lemon involved a defendant who strangled and stabbed to death a woman with whom he had a relationship. Id. at 888. Lemon involved the same aggravating circumstances present in Spencer's case: HAC and a prior violent felony conviction. Id. at 887-88. While Lemon's previous violent acts were not directed at the murder victim[1] as were Spencer's,[2] we do not find this distinction relevant for purposes of our proportionality review. Both defendants killed women with whom they had a relationship and both had a previous conviction for a similar violent offense. Id. at 888.
As in the instant case, the Lemon court found the mental mitigating circumstance of emotional disturbance, but "indicated that *1066 there was some question as to the degree of the defendant's emotional disturbance, i.e., whether it was extreme." Id. at 888. Accordingly, the court determined that this mitigating circumstance did not outweigh the aggravating circumstances. Id. The court came to the same conclusion in Spencer's case. Thus, under the circumstances of this case, and in comparison with other death cases, we find Spencer's death sentence to be proportionate.
Accordingly, we affirm the imposition of the death sentence in Spencer's case.
It is so ordered.
OVERTON, SHAW, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.
KOGAN, C.J., dissents with an opinion.
KOGAN, Chief Justice, dissenting.
I would reverse the imposition of the death penalty in this case. I find that under our case law the death sentence is disproportionate in light of the trial court's findings that Spencer was under the influence of extreme mental or emotional disturbance when he committed this offense; was unable to appreciate the criminality of his conduct or to conform his conduct to the requirements of law; had a long history of drug and alcohol abuse; had a paranoid personality disorder; was sexually abused by his father; had an honorable military record; and had a good employment record.
NOTES
[1] Lemon had been convicted of assault with intent to commit first-degree murder for stabbing a different female victim. Lemon v. State, 456 So.2d 885, 886 (Fla.1984), cert. denied 469 U.S. 1230, 105 S.Ct. 1233, 84 L.Ed.2d 370 (1985). In fact, Lemon had been released from prison only nine months before committing the murder for which the death sentence was imposed. Id.
[2] Spencer's prior violent felony convictions include the aggravated assault of stepson Timothy Johnson on the day of the murder and the aggravated battery of Johnson and attempted second-degree murder of Karen Spencer in a violent confrontation two weeks before the murder.