POLSTON, C.J.,
concurring in part and dissenting in part.
I agree with the majority’s decision to affirm Davis’ convictions for first-degree murder. However, unlike the majority, I would affirm Davis’ death sentence for Ms. Proby’s murder because the cold, calculated, and premeditated (CCP) aggravator was also properly applied. See Evans v. State, 800 So.2d 182, 192 (Fla.2001) (explaining that CCP is properly applied when “the killing was the product of cool and calm reflection and not an act prompted by emotional frenzy, panic, or a fit of rage (cold), and that the defendant had a careful plan or prearranged design to commit murder before the fatal incident (calculated), and that the defendant exhibited heightened premeditation (premeditated), and that the defendant had no pretense of moral or legal justification”) (quoting Jackson v. State, 648 So.2d 85, 89 (Fla.1994)) (emphasis omitted).
In its sentencing order, the trial court found the CCP aggravator after applying the correct rule of law and concluding that Davis had a premeditated plan to kill Ms. Proby which he ruthlessly carried out:
The Defendant set about to kill Ms. Proby in a methodic manner with substantial reflection and thought. He carried out the murder as a matter of course. The Defendant purchased the assault rifle two days before the commission of this offense. The evidence indicated that the Defendant spoke with Ms. Proby prior to his arrival to her home and explicitly told her that he was going to come kill her. He showed up at her apartment with weapon in hand and a vast amount of ammunition. The Defendant coldly and calmly walked from his car to her apartment. He accused Ms. Proby of setting him up, and then told her to “get the f[* * *] down,” to which she offered no resistance. The Defendant then proceeded to shoot Ms. Proby twenty-three times.
[[Image here]]
The Defendant had the opportunity to reflect on his actions and abort his intent to kill. However, he chose to remain inside Ms. Proby’s apartment, confronting her with accusations of setting him up, and ordered her to the floor before proceeding to shoot her twenty-three times.
These statements are an accurate reflection of the sequence of events of Ms. Pro-by’s murder. There is competent, substantial evidence in this record to support the trial court’s finding of CCP. See Wright v. State, 19 So.3d 277, 298 (Fla.2009) (“When an aggravating factor is challenged on appeal, we review the record to determine whether the trial court applied the correct rule of law for each aggravating circumstance, and, if so, whether competent, substantial evidence supports the trial court’s finding.”). Moreover, this Court has made clear that “[a] defendant can be emotionally and mentally disturbed or suffer from a mental illness but still have the ability to experience cool and calm reflection, make a careful plan or prearranged design to commit murder, and exhibit heightened premeditation.” *503 Evans, 800 So.2d at 193; see also Owen v. State, 862 So.2d 687, 701 (Fla.2003) (“Owen’s claim that his mental illness must negate the CCP aggravator is unpersuasive.”). In fact, this Court has explained in a case where the defendant had mental health issues that, “[b]y their very nature, execution-style killings satisfy the cold element of CCP.” Wright, 19 So.3d at 299 (explaining that, despite mental health issues, “Wright had ample opportunity during the ten-mile abduction drive to the orange grove to reflect on his actions and abort any intent to kill” but that instead “Wright chose to shoot each victim in the head at close range”).
Accordingly, because the evidence in this case supports the trial court’s findings, the trial court did not err in finding CCP. And given the CCP and HAC aggra-vators (as well as the committed during the course of a burglary and the prior violent felony aggravators) and the statutory mental health mitigators (as well as the other mitigation), Davis’ death sentence is proportionate. See, e.g., Wright, 19 So.3d 277; Smithers v. State, 826 So.2d 916 (Fla.2002); Evans, 800 So.2d 182; Singleton v. State, 783 So.2d 970 (Fla.2001); Spencer v. State, 691 So.2d 1062 (Fla.1996). Therefore, I would affirm Davis’ death sentence.
I respectfully concur in part and dissent in part.
CANADY, J., concurs.