# Supreme Court of Florida

————————

No. SC17-1269

————————

**DUSTY RAY SPENCER,**
Appellant,

vs.

**STATE OF FLORIDA,**
Appellee.

November 8, 2018

PER CURIAM.

Dusty Ray Spencer, a prisoner under sentence of death, appeals the circuit court's order summarily denying his successive motion for postconviction relief, which was filed under Florida Rule of Criminal Procedure 3.851. We have jurisdiction. *See* art. V, § 3(b)(1), Fla. Const.

Spencer was convicted of the 1992 first-degree murder of his wife, Karen Spencer. *Spencer v. State*, 645 So. 2d 377, 380 (Fla. 1994), *cert. denied*, 522 U.S. 884 (1997). The jury recommended a death sentence by a seven to five vote, and the trial judge followed the jury's recommendation and imposed a sentence of death. *Id.* We affirmed Spencer's conviction on direct appeal. *Id.* at 383. As to the death sentence, we concluded that the trial court improperly found an

aggravating factor—that the murder was cold, calculated, and premeditated—and improperly failed to consider the statutory mental mitigating circumstances of extreme disturbance and impaired capacity; thus, we vacated the death sentence and remanded the case for reconsideration of the sentence by the judge. *Id.* at 385. On remand, the trial court again imposed a sentence of death, and we affirmed the sentence. *Spencer v. State*, 691 So. 2d 1062, 1063, 1066 (Fla. 1996), *cert. denied*, 522 U.S. 884 (1997). Spencer's sentence became final in 1997 when the United States Supreme Court denied certiorari review. *See* Fla. R. Crim. P. 3.851(d)(1)(B) (stating that for the purposes of filing postconviction claims under rule 3.851, a judgment and sentence become final "on the disposition of the petition for writ of certiorari by the United States Supreme Court, if filed").

In 2003, we affirmed the denial of Spencer's initial motion for postconviction relief and denied his petition for a writ of habeas corpus. *Spencer v. State*, 842 So. 2d 52, 58 (Fla. 2003). In 2009, we affirmed the summary denial of Spencer's first successive motion for postconviction relief. *Spencer v. State*, 23 So. 3d 712 (Fla. 2009) (table). In January 2017, Spencer filed a successive motion to vacate his death sentence in light of *Hurst v. Florida*, 136 S. Ct. 616 (2016), and *Hurst v. State* (*Hurst*), 202 So. 3d 40 (Fla. 2016), *cert. denied*, 137 S. Ct. 2161 (2017). In April 2017, the circuit court summarily denied the motion. This appeal follows. During the pendency of this case in this Court, we directed the parties to

file briefs addressing why the circuit court's order should not be affirmed based on our precedent in *Hitchcock v. State*, 226 So. 3d 216, 217 (Fla.), *cert. denied*, 138 S. Ct. 513 (2017).

In *Hitchcock*, we held that "our decision in *Asay* [*v. State*, 210 So. 3d 1, 22 (Fla. 2016), *cert. denied*, 138 S. Ct. 41 (2017),] forecloses relief" under *Hurst* for defendants whose convictions and sentences were final prior to the United States Supreme Court's decision in *Ring v. Arizona*, 536 U.S. 584 (2002). *See also Lambrix v. State*, 227 So. 3d 112, 113 (Fla.) (rejecting Lambrix's argument that the Eighth Amendment, equal protection, and due process require that *Hurst* be applied retroactively to Lambrix even though his sentences were final prior to *Ring*), *cert. denied*, 138 S. Ct. 312 (2017). Thus, because his sentence became final prior to *Ring*, Spencer is not entitled to *Hurst* relief.

Nor is Spencer entitled to relief on his other claims. Spencer's claim that he should have been entitled to have a jury reweigh the aggravation and mitigation when his case was remanded for reconsideration of the sentence by the trial judge in 1994 is untimely and procedurally barred. Spencer's assertion that his death sentence cannot withstand Eighth Amendment scrutiny because this Court's refusal to grant him *Hurst* relief is arbitrary and capricious does not present a basis for relief. This "argument is not novel and has been previously rejected by this Court." *Asay v. State*, 224 So. 3d 695, 703 (Fla. 2017). And Spencer's claim that

his death sentence violates *Caldwell v. Mississippi*, 472 U.S. 320 (1985), and the Eighth Amendment is foreclosed by our recent decision in *Reynolds v. State*, 251 So. 3d 811, 825 (Fla. 2018), *petition for cert. filed*, No. 18-5181 (U.S. July 3, 2018), in which we held that "a *Caldwell* claim based on the rights announced in *Hurst* and *Hurst v. Florida* cannot be used to retroactively invalidate the jury instructions that were proper at the time under Florida law" (citing *Romano v. Oklahoma*, 512 U.S. 1, 9 (1994)). Accordingly, we affirm the circuit court's order summarily denying Spencer's successive motion for postconviction relief.

It is so ordered.

LEWIS, QUINCE, POLSTON, LABARGA, and LAWSON, JJ., concur.
CANADY, C.J., concurs in result.
PARIENTE, J., dissents with an opinion.

ANY MOTION FOR REHEARING OR CLARIFICATION MUST BE FILED WITHIN SEVEN DAYS. A RESPONSE TO THE MOTION FOR REHEARING/CLARIFICATION MAY BE FILED WITHIN FIVE DAYS AFTER THE FILING OF THE MOTION FOR REHEARING/CLARIFICATION. NOT FINAL UNTIL THIS TIME PERIOD EXPIRES TO FILE A REHEARING/CLARIFICATION MOTION AND, IF FILED, DETERMINED.

PARIENTE, J., dissenting.

I dissent. While I realize that this Court's precedent directs us to affirm Spencer's death sentence,[1] in my view, the combination of several critical and

---

1. *See Hitchcock v. State*, 226 So. 3d 216 (Fla.), *cert. denied*, 138 S. Ct. 513 (2017); *Asay v. State* (*Asay V*), 210 So. 3d 1 (Fla. 2016), *cert. denied*, 138 S. Ct. 41 (2017); *Mosley v. State*, 209 So. 3d 1248 (Fla. 2016).

unique factors in this case mandate a new penalty phase under *Hurst*.[2]  The most

critical error was the complete absence of a jury in the last determination that

Spencer should be sentenced to death after this Court struck the aggravating factor

that the murder was committed in a cold, calculated, and premeditated manner

(CCP) and remanded for reconsideration by the trial judge.

After the jury nonunanimously recommended a sentence of death by a vote

of seven to five—the barest of majority—this Court determined on direct appeal

that (1) the jury and trial judge, in sentencing Spencer to death, improperly

considered the aggravating factor of CCP, and (2) the trial court improperly failed

to consider statutory mitigation in sentencing Spencer to death.  *See Spencer v.*

*State*, 691 So. 2d 1062, 1063 (Fla. 1996); *Spencer v. State*, 645 So. 2d 377, 384

(Fla. 1994).

Based on this Court's "rejection of the CCP aggravating factor and the trial

court's failure to consider the statutory mental mitigating circumstances of extreme

disturbance and impaired capacity," this Court vacated Spencer's sentence of death

and "remand[ed] th[e] case for reconsideration of the death sentence by the judge."

---

2. *Hurst v. State* (*Hurst*), 202 So. 3d 40 (Fla. 2016), *cert. denied*, 137 S. Ct. 2161 (2017); *see Hurst v. Florida*, 136 S. Ct. 616 (2016).  I would further note that Spencer raised the unconstitutionality of Florida's death penalty on direct appeal in 1994—years before *Ring*—arguing that "Florida's death penalty is unconstitutional."  *Spencer v. State*, 645 So. 2d 377, 384 (1994).  Without discussion, this Court summarily rejected that argument.  *Id.*

*Spencer*, 645 So. 2d at 385. Despite clear precedent that this Court should have reviewed whether striking the CCP aggravator was harmless beyond a reasonable doubt,[3] this Court did not and, instead of reversing for a new penalty phase in front of a jury, remanded for reconsideration by the trial court alone. *See Spencer*, 645 So. 2d at 384-85. After reviewing the evidence on remand, the trial judge again imposed death, finding two aggravating factors and three statutory mitigating circumstances. *Spencer*, 691 So. 2d at 1063.[4]

---

3. *Williams v. State*, 967 So. 2d 735, 765 (Fla. 2007) ("When this Court strikes an aggravating factor on appeal, 'the harmless error test is applied to determine whether there is no reasonable possibility that the error affected the sentence.' " (quoting *Jennings v. State*, 782 So. 2d 853, 863 n.9 (Fla. 2001))); *see Wood v. State*, 209 So. 3d 1217, 1229 (Fla. 2017) ("[T]he CCP aggravating factor is 'one of the most serious aggravators set out in the statutory scheme.' " (quoting *Silvia v. State*, 60 So. 3d 959, 974 (Fla. 2011))); *id.* at 1233-34; *Mahn v. State*, 714 So. 2d 391, 398-99 (Fla. 1998).

4. The aggravating factors were "1) Spencer was previously convicted of a violent felony, based upon his contemporaneous convictions for aggravated assault, aggravated battery, and attempted second-degree murder; and 2) the murder was especially heinous, atrocious, or cruel (HAC)." *Spencer*, 691 So. 2d at 1063 (citing § 921.141(5)(b), (h), Fla. Stat. (1993)). The mitigating circumstances were "1) the murder was committed while Spencer was under the influence of extreme mental or emotional disturbance; 2) Spencer's capacity to appreciate the criminality of his conduct or to conform his conduct to the requirements of law was substantially impaired; and 3) the existence of a number of nonstatutory mitigating factors in Spencer's background, including drug and alcohol abuse, paranoid personality disorder, sexual abuse by his father, honorable military record, good employment record, and ability to function in a structured environment that does not contain women." *Id.* (citing § 921.141(6)(b), (f), Fla. Stat. (1993)).

Ironically, if this Court had reversed for a new penalty phase rather than remanding the case for "reconsideration" of the aggravation and mitigation by the trial court, Spencer might be entitled to *Hurst* relief. By the time the case came back to this Court after a new penalty phase (assuming the jury's recommendation was nonunanimous), Spencer would have likely been entitled to a new penalty phase pursuant to *Hurst* under *Mosley v. State*, 209 So. 3d 1248, 1283 (Fla. 2016).[5]

Spencer's case involves the quintessential *Hurst* error—a defendant being sentenced to death without trial by jury, as guaranteed by the United States and Florida Constitutions. For these reasons, I would grant Spencer a new penalty phase.

Accordingly, I dissent.

An Appeal from the Circuit Court in and for Orange County,
A. James Craner, Judge - Case No. 481992CF000473000AOX

Maria E. DeLiberato, Interim Capital Collateral Regional Counsel, Julissa R. Fontán and Chelsea R. Shirley, Assistant Capital Collateral Regional Counsel, Middle Region, Temple Terrace, Florida,

for Appellant

Pamela Jo Bondi, Attorney General, Tallahassee, Florida, and Scott A. Browne, Senior Assistant Attorney General, Tampa, Florida,

---

5. For example, James Card committed the crimes for which he was sentenced to death in 1981 and was originally sentenced to death in 1984—years before Spencer. *See Card v. State*, 803 So. 2d 613, 617 (Fla. 2001). However, because this Court granted Card a resentencing, his sentence of death did not become final until after *Ring v. Arizona*, 536 U.S. 584 (2002), and he was granted *Hurst* relief. *Card v. Jones*, 219 So. 3d 47 (Fla. 2017).

for Appellee