PARIENTE, J., dissenting.
I dissent. While I realize that this Court's precedent directs us to affirm Spencer's death sentence,[1] in my view, the combination of several critical and unique factors in this case mandate a new penalty phase under Hurst .[2] The most critical error was the complete absence of a jury in *715 the last determination that Spencer should be sentenced to death after this Court struck the aggravating factor that the murder was committed in a cold, calculated, and premeditated manner (CCP) and remanded for reconsideration by the trial judge.
After the jury nonunanimously recommended a sentence of death by a vote of seven to five-the barest of majority-this Court determined on direct appeal that (1) the jury and trial judge, in sentencing Spencer to death, improperly considered the aggravating factor of CCP, and (2) the trial court improperly failed to consider statutory mitigation in sentencing Spencer to death. See Spencer v. State , 691 So.2d 1062, 1063 (Fla. 1996) ; Spencer v. State , 645 So.2d 377, 384 (Fla. 1994).
Based on this Court's "rejection of the CCP aggravating factor and the trial court's failure to consider the statutory mental mitigating circumstances of extreme disturbance and impaired capacity," this Court vacated Spencer's sentence of death and "remand[ed] th[e] case for reconsideration of the death sentence by the judge." Spencer , 645 So.2d at 385. Despite clear precedent that this Court should have reviewed whether striking the CCP aggravator was harmless beyond a reasonable doubt,[3] this Court did not and, instead of reversing for a new penalty phase in front of a jury, remanded for reconsideration by the trial court alone. See Spencer , 645 So.2d at 384-85. After reviewing the evidence on remand, the trial judge again imposed death, finding two aggravating factors and three statutory mitigating circumstances. Spencer , 691 So.2d at 1063.[4]
Ironically, if this Court had reversed for a new penalty phase rather than remanding the case for "reconsideration" of the aggravation and mitigation by the trial court, Spencer might be entitled to Hurst relief. By the time the case came back to this Court after a new penalty phase (assuming the jury's recommendation was nonunanimous), Spencer would have likely been entitled to a new penalty phase pursuant to Hurst under Mosley v. State , 209 So.3d 1248, 1283 (Fla. 2016).[5]
*716 Spencer's case involves the quintessential Hurst error-a defendant being sentenced to death without trial by jury, as guaranteed by the United States and Florida Constitutions. For these reasons, I would grant Spencer a new penalty phase.
Accordingly, I dissent.

See Hitchcock v. State , 226 So.3d 216 (Fla.), cert. denied , --- U.S. ----, 138 S.Ct. 513, 199 L.Ed.2d 396 (2017) ; Asay v. State (Asay V ), 210 So. 3d 1 (Fla. 2016), cert. denied , --- U.S. ----, 138 S.Ct. 41, 198 L.Ed.2d 769 (2017) ; Mosley v. State , 209 So.3d 1248 (Fla. 2016).

Hurst v. State (Hurst ), 202 So.3d 40 (Fla. 2016), cert. denied , --- U.S. ----, 137 S.Ct. 2161, 198 L.Ed.2d 246 (2017) ; see Hurst v. Florida , --- U.S. ----, 136 S.Ct. 616, 193 L.Ed.2d 504 (2016). I would further note that Spencer raised the unconstitutionality of Florida's death penalty on direct appeal in 1994-years before Ring -arguing that "Florida's death penalty is unconstitutional." Spencer v. State , 645 So.2d 377, 384 (1994). Without discussion, this Court summarily rejected that argument. Id.

Williams v. State , 967 So.2d 735, 765 (Fla. 2007) ("When this Court strikes an aggravating factor on appeal, 'the harmless error test is applied to determine whether there is no reasonable possibility that the error affected the sentence.' " (quoting Jennings v. State , 782 So.2d 853, 863 n.9 (Fla. 2001) ) ); see Wood v. State , 209 So.3d 1217, 1229 (Fla. 2017) ("[T]he CCP aggravating factor is 'one of the most serious aggravators set out in the statutory scheme.' " (quoting Silvia v. State , 60 So.3d 959, 974 (Fla. 2011) ) ); id. at 1233-34 ; Mahn v. State , 714 So.2d 391, 398-99 (Fla. 1998).

The aggravating factors were "1) Spencer was previously convicted of a violent felony, based upon his contemporaneous convictions for aggravated assault, aggravated battery, and attempted second-degree murder; and 2) the murder was especially heinous, atrocious, or cruel (HAC)." Spencer , 691 So.2d at 1063 (citing § 921.141(5)(b), (h), Fla. Stat. (1993) ). The mitigating circumstances were "1) the murder was committed while Spencer was under the influence of extreme mental or emotional disturbance; 2) Spencer's capacity to appreciate the criminality of his conduct or to conform his conduct to the requirements of law was substantially impaired; and 3) the existence of a number of nonstatutory mitigating factors in Spencer's background, including drug and alcohol abuse, paranoid personality disorder, sexual abuse by his father, honorable military record, good employment record, and ability to function in a structured environment that does not contain women." Id. (citing § 921.141(6)(b), (f), Fla. Stat. (1993) ).

For example, James Card committed the crimes for which he was sentenced to death in 1981 and was originally sentenced to death in 1984-years before Spencer. See Card v. State , 803 So.2d 613, 617 (Fla. 2001). However, because this Court granted Card a resentencing, his sentence of death did not become final until after Ring v. Arizona , 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), and he was granted Hurst relief. Card v. Jones , 219 So.3d 47 (Fla. 2017).