# Supreme Court of Florida

_____

No. SC13-819
_____

**RODERICK MICHAEL ORME,**
Appellant,

vs.

**STATE OF FLORIDA,**
Appellee.

_____

No. SC14-22
_____

**RODERICK MICHAEL ORME,**
Petitioner,

vs.

**JULIE L. JONES, etc.,**
Respondent.

[March 30, 2017]
**REVISED OPINION**

PER CURIAM.

Roderick Michael Orme appeals an order of the circuit court denying his

motion to vacate his sentence of death, filed under Florida Rule of Criminal

Procedure 3.851, and he petitions this Court for a writ of habeas corpus.  We have

jurisdiction.  See art. V, § 3(b)(1), (9), Fla. Const.  For the reasons that follow, we grant Orme a new penalty phase based on the United States Supreme Court's decision in Hurst v. Florida, 136 S. Ct. 616 (2016), as interpreted by our decision in Hurst v. State, 202 So. 3d 40 (Fla. 2016), petition for cert. filed, No. 16-998 (U.S. Feb. 13, 2017).[1]

**FACTS AND PROCEDURAL HISTORY**

A full description of the facts of the instant case can be found in our opinion from Orme's direct appeal.  Orme v. State (Orme I), 677 So. 2d 258, 260-61 (Fla. 1996).  The facts relevant here are as follows.  In March 1992, Orme was charged with premeditated or felony murder, robbery, and sexual battery in connection with the death of Lisa Redd, whose body was found in Orme's motel room.  Id. at 260. A jury convicted Orme on all three counts and recommended the death penalty by a vote of seven to five.  Id. at 261.  The trial judge followed the recommendation and sentenced Orme to death, finding three aggravating factors—committed during the course of a sexual battery; heinous, atrocious, or cruel (HAC); and committed for pecuniary gain.  Id.  In mitigation, the judge found both statutory mental health mitigators (substantial impairment and extreme emotional disturbance), giving

---

1. We previously issued a decision in this case on December 10, 2015. While Orme's rehearing was pending, we granted his motion to permit supplemental briefing.  We withdraw our previous opinion and replace it with this opinion.

- 2 -

them "some weight."  Id.  We have previously described the procedural history of

this case as follows:

> On direct appeal, Orme raised eight issues. [n.1]  This Court affirmed
> Orme's conviction of first-degree murder and the sentence of death.
> [Orme I, 677 So. 2d at 261-64.]  Orme filed a petition for writ of
> certiorari with the United States Supreme Court.  That Court denied
> review on January 13, 1997.  Orme v. Florida, 519 U.S. 1079 (1997).
>
>> [N.1]  The following issues were raised: (1) the trial court
>> should have directed a judgment of acquittal on grounds
>> the case against him was circumstantial and the State had
>> failed to disprove all reasonable hypotheses of innocence;
>> (2) Orme's statements to officers should have been
>> suppressed on grounds he was too intoxicated with drugs
>> to knowingly and voluntarily waive his right to silence;
>> (3) death is not a proportionate penalty because Orme's
>> will was overborne by drug abuse, and because any fight
>> between the victim and him was a "lover's quarrel"; (4)
>> Orme's mental state at the time of the murder was such
>> that he could not form a "design" to inflict a high degree
>> of suffering on the victim; (5) the trial court erred by
>> failing to weigh in mitigation the fact that Orme had no
>> significant prior criminal history; (6) the trial court erred
>> in declining to give a special instruction that acts
>> perpetrated on the victim after her death are not relevant
>> to [the HAC aggravato]r; (7) the instruction on [HAC]
>> violated the dictates of Espinosa v. Florida, 505 U.S.
>> 1079 (1992); and (8) Orme was incapable of forming the
>> specific intent necessary for first-degree murder and this
>> fact bars his death sentence under Enmund v. Florida,
>> 458 U.S. 782 (1982).
>
> Subsequently, Orme filed an amended motion for
> postconviction relief pursuant to Florida Rule of Criminal Procedure
> 3.851, raising twenty-five claims.  After an evidentiary hearing on
> four claims of ineffective assistance of trial counsel, the trial court
> denied relief.  Orme appealed the denial of postconviction relief to
> this Court, raising three claims. [n.2]  He also petitioned the Court for

a writ of habeas corpus, raising eight claims. [n.3]  See [Orme v. State (Orme II), 896 So. 2d 725, 737 (Fla. 2005)].  This Court found defense counsel ineffective for failing to further investigate Orme's diagnosis of bipolar disorder with respect to the penalty phase.  As a result, a new penalty phase was ordered.  Id. [at 740-41].

> [N.2]  Orme argued that (1) the trial court erred in denying his ineffective assistance of counsel claim for trial counsel's failure to present evidence of Orme's diagnosis of bipolar disorder; (2) his death sentence is unconstitutional pursuant to Ring v. Arizona, 536 U.S. 584 (2002), and its progeny; and (3) the general jury qualifications procedure in Bay County, where he was tried, was unconstitutional.  [Orme II], 896 So. 2d 725 (Fla. 2005).

> [N.3]  Three of the claims Orme raised were: (1) appellate counsel was ineffective for failing to raise on appeal the fact that Orme was involuntarily absent from two bench conferences, which he claims were critical stages of his trial; (2) appellate counsel was ineffective for failing to raise on appeal the claim that the prosecutor engaged in misconduct rendering the conviction and sentence fundamentally unfair; and (3) appellate counsel was ineffective for failing to raise on appeal the claim that the trial court erroneously allowed forty-three gruesome photographs to be shown to the jury.  Orme raised five additional claims, all of which were found not to be properly raised in a habeas proceeding because they were either raised on direct appeal or in postconviction or should have been raised and were therefore procedurally barred.  [Orme II, 896 So. 2d at 740].

In May 2007, a new penalty phase was conducted before a new jury, but before the original trial judge.  By a vote of eleven to one, the new jury recommended a death sentence.  The trial court followed the jury's recommendation and sentenced Orme to death.  The trial court found the following three statutory aggravating factors: (1) the capital felony was committed for pecuniary gain; (2) the capital felony was committed while the defendant was engaged in the commission

of, or an attempt to commit, or flight after committing or attempting to commit a sexual battery; and (3) the capital felony was especially heinous, atrocious, or cruel. The trial court also found three statutory mitigators: (1) the defendant had no significant criminal history (little weight); (2) the capital felony was committed while the defendant was under the influence of extreme mental or emotional disturbance (little weight); and (3) the capacity of the defendant to appreciate the criminality of his conduct or to conform his conduct to the requirements of the law was substantially impaired (little weight). The trial court also found that the following mitigation was either irrelevant to the murder or did not exist and, as a result, gave them no weight: (1) the age of the defendant; (2) a bipolar disorder contributed significantly to the defendant's substance abuse; (3) the defendant had a difficult childhood; (4) the defendant is a model prisoner; (5) the defendant's potential for rehabilitation; and (6) the defendant tried to get the victim help.

Orme v. State (Orme III), 25 So. 3d 536, 542-43 (Fla. 2009).

At resentencing, Orme was initially represented by Russell Ramey, who was appointed after the Public Defender's Office certified to the court a conflict of interest and moved for appointment of separate counsel. Subsequently, attorneys Sarah Butters and George Schulz of Holland & Knight, LLP, filed a notice of appearance as co-counsel to Ramey. However, at a September 7, 2005, hearing, the trial court informed Butters and Schulz that their pro bono representation of Orme as co-counsel to Ramey could prompt Ramey's withdrawal from the case, as the Justice Administrative Commission (JAC) would not pay for court-appointed counsel when private counsel had been obtained. Thus, on November 2, 2005, Butters and Schulz filed a motion for appointment of Michel Stone as co-counsel

for Orme.[2] A hearing was held on the motion on November 7, 2005, and the trial court conducted a colloquy with Orme, eventually appointing Stone as co-counsel to Ramey.

Orme appealed the death sentence he received at resentencing to this Court, raising nine claims.[3] Orme III, 25 So. 3d at 540, 543. We affirmed his sentence, finding no reversible error. Id. at 543-53. Orme then filed a petition for writ of certiorari with the United States Supreme Court, which that Court denied on June 7, 2010. Orme v. Florida, 560 U.S. 956 (2010).

_____

2. Stone had briefly represented Orme before the start of Orme's original trial proceedings, when Stone left the Public Defender's Office to enter private practice.

3. The nine claims were that the trial court erred in (1) refusing to allow Orme to challenge for cause prospective jurors who could not consider remorse as a mitigator; (2) refusing to allow him to inquire of prospective jurors whether they could consider recommending a life sentence as a matter of mercy even if the aggravators outweighed the mitigators; (3) failing to dismiss the venire after one prospective juror revealed that Orme had a prior conviction; (4) refusing to allow Orme to waive his right to the sentencing option of life in prison without the possibility of parole for twenty-five years in favor of a harsher punishment of life in prison without the possibility of parole; (5) failing to give weight to Orme's difficult childhood, the fact that Orme was a model prisoner, Orme's potential for rehabilitation, and Orme's attempt to get the victim help; (6) finding that the pecuniary gain aggravator applied; (7) finding the HAC aggravator; and (8) finding that the "murder was committed in the course of a sexual battery" aggravator applied; and (9) that Orme's death sentence violated Ring v. Arizona, 536 U.S. 584 (2002). Id. at 543-53.

On June 1, 2011, Orme filed the instant motion for postconviction relief, presenting four claims of ineffective assistance of counsel—that resentencing phase counsel rendered ineffective assistance by (1) violating the Sixth, Eighth, and Fourteenth Amendments; (2) failing to object to the prosecutor's improper arguments at resentencing; (3) failing to preserve the trial court's error in holding that a juror's refusal to consider remorse as a mitigator could only be a basis for a peremptory challenge; and (4) failing to preserve the issue of the jury's consideration of mercy in making its sentencing recommendation. He also raises two additional claims: that rules prohibiting Orme's lawyers from interviewing jurors to discover constitutional error violate Orme's constitutional rights and that Orme's death sentence violates the Eighth Amendment. The State filed its response on July 26, 2011. The postconviction court granted an evidentiary hearing on Orme's first claim only. The hearing began on April 30, 2012. On March 1, 2013, the court entered an order denying all of Orme's postconviction claims.

Orme now appeals the denial of his motion, raising four claims of ineffective assistance of resentencing phase counsel[4] and one claim of ineffective assistance of

_____

4. These claims are the same as the first four claims presented to the postconviction court in Orme's motion below—that resentencing phase counsel rendered ineffective assistance by (1) violating the Sixth, Eighth, and Fourteenth Amendments; (2) failing to object to the prosecutor's improper arguments at resentencing; (3) failing to preserve the trial court's error in holding that a juror's

postconviction counsel.  Orme also petitions this Court for a writ of habeas corpus, alleging that appellate counsel rendered ineffective assistance by failing to raise the following issues on appeal from the resentencing: (1) the use of restraints on Orme during resentencing; (2) the State's participation in privileged discussions and communications of defense counsel in violation of the Equal Protection Clause; and (3) improper arguments by the prosecutor at resentencing.

## ANALYSIS

Because Orme's claims all relate to his resentencing and we determine that Orme is entitled to relief pursuant to Hurst, we do not address his other postconviction claims or the issues raised in his petition for a writ of habeas corpus.

### Hurst v. Florida and Hurst

In Hurst v. Florida, the United States Supreme Court declared our capital sentencing scheme unconstitutional because "[t]he Sixth Amendment requires a jury, not a judge, to find each fact necessary to impose a sentence of death.  A jury's mere recommendation is not enough."  Hurst v. Florida, 136 S. Ct. at 619. Pursuant to the Supreme Court's decision in Hurst v. Florida, Orme filed a motion

---

refusal to consider remorse as a mitigator could only be a basis for a peremptory challenge; and (4) failing to preserve the issue of the jury's consideration of mercy in making its sentencing recommendation.

to permit supplemental briefing. We granted the motion, and Orme now contends that he is entitled to relief under Hurst v. Florida because of his eleven-to-one jury vote recommending death. On remand from the United States Supreme Court we held that the jury must unanimously find the existence of each aggravating factor beyond a reasonable doubt, must unanimously find the aggravating factors are sufficient, and must unanimously find that the aggravating factors outweigh the mitigating circumstances. Hurst, 202 So. 3d at 53-54.

Thereafter, in Mosley v. State, 41 Fla. L. Weekly S629, 2016 WL 7406506 (Fla. Dec. 22, 2016), we determined that Hurst v. Florida and Hurst apply retroactively to defendants, like Orme, whose sentences were not yet final when the Supreme Court issued Ring. See Mosley, 2016 WL 7406506 at *25.

Because we conclude that Hurst applies to Orme, we next examine whether any Hurst error was harmless beyond a reasonable doubt. On remand from the United States Supreme Court, in Hurst we explained the appropriate standard for harmless error review:

> Where the error concerns sentencing, the error is harmless only if there is no reasonable possibility that the error contributed to the sentence. See, e.g., Zack v. State, 753 So. 2d 9, 20 (Fla. 2000). Although the harmless error test applies to both constitutional errors and errors not based on constitutional grounds, "the harmless error test is to be rigorously applied," [State v.] DiGuilio, 491 So. 2d [1129,] 1137 [Fla. 1986], and the State bears an extremely heavy burden in cases involving constitutional error. Therefore, in the context of a Hurst v. Florida error, the burden is on the State, as the beneficiary of the error, to prove beyond a reasonable doubt that the

- 9 -

jury's failure to unanimously find all the facts necessary for imposition of the death penalty did not contribute to Hurst's death sentence in this case. We reiterate:

> The test is not a sufficiency-of-the-evidence, a correct result, a not clearly wrong, a substantial evidence, a more probable than not, a clear and convincing, or even an overwhelming evidence test. Harmless error is not a device for the appellate court to substitute itself for the trier-of-fact by simply weighing the evidence. The focus is on the effect of the error on the trier-of-fact.

DiGuilio, 491 So. 2d at 1139. "The question is whether there is a reasonable possibility that the error affected the [sentence]." Id.

Hurst, 202 So. 3d at 68 (alteration in original). As applied to the right to a jury trial with regard to the facts necessary to impose the death penalty, it must be clear beyond a reasonable doubt that a rational jury would have unanimously found all facts necessary to impose death and that death was the appropriate sentence.

Given the jury vote of eleven to one, it is impossible for this Court to determine which, if any, of the aggravators[5] the jury would have found unanimously if properly instructed. Moreover, we cannot determine whether the jury would have found "that there were sufficient aggravating factors to outweigh

---

5. The trial court found three aggravating factors: (1) the capital felony was committed for pecuniary gain; (2) the capital felony was committed while the defendant was engaged in the commission of, or an attempt to commit, or flight after committing or attempting to commit a sexual battery; and (3) the capital felony was especially heinous, atrocious, or cruel. Orme II, 25 So. 3d at 542-43.

the mitigating circumstances." <u>Id.</u> Accordingly, we cannot conclude that the <u>Hurst</u> error in this case was harmless beyond a reasonable doubt.

## CONCLUSION

Based on the foregoing, we grant Orme's supplemental claim for relief under <u>Hurst</u> and vacate his death sentence and remand this case for a new penalty phase.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, and QUINCE, JJ., concur.
CANADY and POLSTON, JJ., dissent.
LAWSON, J., did not participate.

NO MOTION FOR REHEARING WILL BE ALLOWED.

An Appeal from the Circuit Court in and for Bay County,
        Brantley Scott Clark, Jr., Judge - Case No. 031992CF000442XXAXMX
And an Original Proceeding – Habeas Corpus

Linda McDermott of McClain & McDermott, P.A., Estero, Florida,

        for Appellant/Petitioner

Pamela Jo Bondi, Attorney General, and Jennifer L. Keegan, Assistant Attorney General, Tallahassee, Florida,

        for Appellee/Respondent