# Supreme Court of Florida

_____

No. SC17-453
_____

**JAMES ARMANDO CARD,**
Petitioner,

vs.

**JULIE L. JONES, etc.,**
Respondent.

[May 4, 2017]
<u>**CORRECTED OPINION**</u>

PER CURIAM.

James Armando Card petitions this Court for a writ of habeas corpus seeking relief under <u>Hurst v. Florida</u> (<u>Hurst v. Florida</u>), 136 S. Ct. 616 (2016), and <u>Hurst v. State</u> (<u>Hurst</u>), 202 So. 3d 40 (Fla. 2016) <u>petition for cert. filed</u>, No. 16-998 (U.S. Feb. 13, 2017).  We have jurisdiction.  <u>See</u> art. V, § 3(b)(9), Fla. Const.

Card's sentence of death, which his penalty phase jury recommended by a vote of eleven to one, became final when the United States Supreme Court denied Card's petition for writ of certiorari on June 28, 2002.  <u>See</u> <u>Card v. State</u>, 803 So. 2d 613 (Fla. 2001) <u>cert. denied</u> <u>Card v. Florida</u>, 536 U.S. 963 (2002); <u>see also</u> Fla. R. Crim. P. 3.851(d)(1)(B).  We have held that <u>Hurst</u> applies retroactively to

"defendants whose sentences became final after the United States Supreme Court issued its opinion in <u>Ring</u> [<u>v. Arizona</u>, 536 U.S. 584 (2002)]." <u>Mosley v. State</u>, 209 So. 3d 1248, 1276 (Fla. 2016).  Thus, <u>Hurst</u> applies retroactively to Card, whose sentence became final four days after the United States Supreme Court issued its opinion in <u>Ring</u>.

Accordingly, we must determine whether the <u>Hurst</u> error in Card's penalty phase proceeding was harmless beyond a reasonable doubt.  "[I]n the context of a <u>Hurst v. Florida</u> error, the burden is on the State, as the beneficiary of the error, to prove beyond a reasonable doubt that the jury's failure to unanimously find all the facts necessary for imposition of the death penalty did not contribute to [the] death sentence." <u>Hurst</u>, 202 So. 3d at 68.  As applied to the right to a jury trial with regard to the factual findings necessary to impose a sentence of death, it must be clear beyond a reasonable doubt that a rational jury would have unanimously found that each aggravating factor was proven beyond a reasonable doubt, that the aggravating factors were sufficient to impose death, and that the aggravating factors outweighed the mitigating circumstances. <u>See</u> <u>id.</u> at 44.

We conclude that the State cannot establish that the <u>Hurst</u> error in Card's case was harmless beyond a reasonable doubt.  In Card's case, the jury did not unanimously make the requisite factual findings and did not unanimously recommend a sentence of death.  Instead, the jury recommended the sentence of

death by a vote of eleven to one. Card, 803 So. 2d at 619. This Court has no way of knowing if the jury unanimously found each aggravating factor, whether the aggravating factors were sufficient to impose a death sentence, or whether the aggravating factors outweighed the mitigating circumstances. Further, this Court cannot speculate why the one juror who voted to recommend a sentence of life imprisonment determined that a sentence of death was not the appropriate punishment. Thus, we conclude that the Hurst error in Card's case was not harmless. The petition for writ of habeas corpus is hereby granted. Accordingly, we vacate the death sentence and remand this matter to the circuit court for a new penalty phase.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, and QUINCE, JJ., concur.
CANADY, POLSTON, and LAWSON, JJ., dissent.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

Original Proceeding – Habeas Corpus

Leor Veleanu, Federal Community Defender, Philadelphia, Pennsylvania; and Billy H. Nolas, Chief, Capital Habeas Unit, Office of the Federal Public Defender, Northern District of Florida, Tallahassee, Florida,

for Petitioner

Pamela Jo Bondi, Attorney General, and Jennifer L. Keegan, Assistant Attorney General, Tallahassee, Florida,

for Respondent