# Supreme Court of Florida

_____

No. SC17-433
_____

**ROBERT J. BAILEY,**
Petitioner,

vs.

**JULIE L. JONES, etc.,**
Respondent.

[July 6, 2017]

PER CURIAM.

Robert J. Bailey petitions this Court for a writ of habeas corpus seeking

relief under Hurst v. Florida, 136 S. Ct. 616 (2016), and Hurst v. State, 202 So. 3d

40 (Fla. 2016), cert. denied, No. 16-998, 2017 WL 635999 (U.S. May 22, 2017).

We have jurisdiction. See art. V, § 3(b)(9), Fla. Const.

Bailey's death sentence, which his penalty phase jury recommended by a

vote of eleven to one, became final in 2009. See Bailey v. State, 998 So. 2d 545

(Fla. 2008), cert. denied, Bailey v. Florida, 556 U.S. 1243 (2009). We have held

that Hurst applies retroactively to "defendants whose sentences became final after

the United States Supreme Court issued its opinion in Ring[ v. Arizona, 536 U.S.

584 (2002)]." Mosley v. State, 209 So. 3d 1248, 1276 (Fla. 2016).  Thus, Hurst

applies retroactively to Bailey.

Because the jury recommended the death penalty by a vote of eleven to one,

Bailey's death sentence violates Hurst.  See Kopsho v. State, 209 So. 3d 568, 570

(Fla. 2017).  Accordingly, we must consider whether the error is harmless beyond

a reasonable doubt:

> The harmless error test, as set forth in Chapman[ v. California,
> 386 U.S. 18 (1967),] and progeny, places the burden on the state, as
> the beneficiary of the error, to prove beyond a reasonable doubt that
> the error complained of did not contribute to the verdict or,
> alternatively stated, that there is no reasonable possibility that the
> error contributed to the conviction.

Hurst, 202 So. 3d at 68 (quoting State v. DiGuilio, 491 So. 2d 1129, 1138 (Fla.

1986)).

While the two aggravators in this case are such that no reasonable juror

would have failed to find their existence,[1] based on the jury's eleven-to-one

---

1. The trial court found the following aggravators: (1) the capital felony was committed by a person previously convicted of a felony and under sentence of imprisonment or placed on community control or probation; and (2) the capital felony was committed for the purpose of avoiding or preventing a lawful arrest or effecting an escape from custody. Bailey, 998 So. 2d at 551 n.3.  Bailey was on probation at the time of the murder, and his victim was a police officer whom Bailey shot after the officer stopped Bailey for a traffic infraction. Id. at 548.  The evidence presented at trial included testimony from one witness who heard Bailey say, during the traffic stop, that he would "pop this cop" if he tried to arrest him and that "he was not going back to jail again," and testimony from another witness whom Bailey told, minutes after the murder, "that he shot the officer because he

recommendation for a sentence of death, we cannot determine that the jury unanimously found that the aggravating factors were sufficient to impose a sentence of death. Nor can we "determine that the jury unanimously found that the aggravators outweighed the mitigation." Kopsho, 209 So. 3d at 570. "We can only determine that the jury did not unanimously recommend a sentence of death." Id. Therefore, because we cannot say that there is no reasonable possibility that the error did not contribute to the sentence, the Hurst error in Bailey's sentencing was not harmless beyond a reasonable doubt. Cf. id.

Accordingly, the petition for a writ of habeas corpus is hereby granted. We vacate the death sentence and remand to the circuit court for a new penalty phase. See Hurst, 202 So. 3d at 69.

It is so ordered.

LABARGA, C.J., and PARIENTE, and QUINCE, JJ., concur.
PARIENTE, J., concurs with an opinion.
LAWSON, J., specially concurs with an opinion.
LEWIS, CANADY, and POLSTON, JJ., dissent.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

PARIENTE, J., concurring.

---

was wanted and would go to jail for life if he was caught" and that "the only way the police were going to catch him is if they killed him." Id.

I concur in the majority's decision to grant Bailey a new penalty phase pursuant to Hurst v. State (Hurst), 202 So. 3d 40 (Fla. 2016), cert. denied, No. 16-998, 2017 WL 635999 (U.S. May 22, 2017). Majority op. at 3; see Bailey v. State, 998 So. 2d 545, 551 (Fla. 2008). I write separately to emphasize the mitigation presented during the penalty phase of Bailey's trial.

During the penalty phase, Bailey presented evidence of the following statutory mitigation: Bailey's capacity to appreciate the criminality of his conduct was substantially impaired; Bailey was under the influence of extreme emotional disturbance; and Bailey's young age at the time of the crime. Bailey, 998 So. 2d at 551; see § 921.141(6), Fla. Stat. (2008). The trial court found that Bailey's age at the time of the crime was established but "entitled to very little weight" and determined that "Bailey failed to reasonably establish either of the statutory mental mitigators." Bailey, 998 So. 2d at 551.

Bailey also presented evidence as to the following nonstatutory mitigation: Bailey's low IQ; Bailey had a history of mental health problems; Bailey previously spent time in a juvenile facility and was prescribed numerous medications in an attempt to deal with mental health problems; Bailey was intoxicated at the time of the crime; Bailey came from a broken home; Bailey had poor performance as a student; Bailey showed concern for the victim shortly after arrest; and Bailey was very respectful to the court, attorneys, and staff during trial. Id. at 551-52.

This case is similar to many recent cases where we have granted Hurst relief. In McGirth v. State, 209 So. 3d 1146 (Fla. 2017), like this case, the jury voted 11-1 to recommend a sentence of death. Id. at 1150. The aggravating factors found in McGirth were also similar to Bailey's case:

> (1) the murder was committed in a cold, calculated, and premeditated manner without any pretense of moral or legal justification (CCP) (great weight); (2) the murder was heinous, atrocious, or cruel (HAC) (great weight); (3) prior violent felony, based on the contemporaneous conviction for the attempted murder of James Miller (great weight); (4) the murder occurred during the commission of a robbery (great weight); and (5) the murder was committed primarily to avoid arrest (moderate weight).

Id. at 1151-52. Reviewing McGirth's petition for a writ of habeas corpus, this Court concluded that the State could not meet its burden of proving "beyond a reasonable doubt that the jury's failure to unanimously find all the facts necessary for imposition of the death penalty did not contribute to the sentence." Id. at 1164. Thus, the Court granted McGirth's petition for a writ of habeas corpus, vacated McGirth's death sentence, and remanded for a new penalty phase pursuant to Hurst. Id. at 1164-65.

In Jackson v. State, 213 So. 3d 754 (Fla. 2017), the jury recommended a sentence of death by a vote of 11-1. Id. at 768. The trial court found that the State had proven two aggravating factors "beyond a reasonable doubt: the murder was committed during the commission of a sexual battery and HAC." Id. However, the trial court concluded that the State did not prove the CCP aggravating factor,

- 5 -

on which the jury was instructed.  Id.  The trial court also found fourteen nonstatutory mitigating circumstances.  Upon review on direct appeal, this Court vacated Jackson's sentence of death and remanded for a new penalty phase pursuant to Hurst, explaining:

> To the extent that the jury's recommendation can be understood as a proxy for the necessary factual findings—a matter that the United States Supreme Court cautioned against—at least one juror apparently concluded either that sufficient aggravating [factors] did not exist, that the mitigation outweighed the aggravation, or both.  Therefore, Jackson's sentence violated the Sixth Amendment under Ring [v. Arizona, 536 U.S. 584 (2002),] and Hurst v. Florida[, 136 S. Ct. 616 (2016)].

Id. at 785 (footnote omitted).

Likewise, in Orme v. State, 214 So. 3d 1269, 42 Fla. L. Weekly S394 (Fla. March 30, 2017), involving another 11-1 jury recommendation for death, the trial court found three aggravating factors—the murder was committed in the course of a sexual battery, HAC, and pecuniary gain—and two mitigating circumstances.  Id. at 1270.  Upon review, this Court concluded:

> Given the jury vote of eleven to one, it is impossible for this Court to determine which, if any, of the aggravators the jury would have found unanimously if properly instructed.  Moreover, we cannot determine whether the jury would have found "that there were sufficient aggravating factors to outweigh the mitigating circumstances."  [Hurst, 202 So. 3d at 68.]  Accordingly, we cannot conclude that the Hurst error in this case was harmless beyond a reasonable doubt.

Id. at 1274. Accordingly, we vacated Orme's sentence of death and remanded for a new penalty phase pursuant to Hurst. Id.

Most recently in Card v. Jones, 42 Fla. L. Weekly S527 (Fla. May 4, 2017), this Court granted Hurst relief based on the 11-1 jury vote recommending death. At Card's sentencing, "the trial court found five aggravating factors: (1) the murder was committed while the defendant was engaged in the commission of a kidnapping; (2) the murder was committed for the purpose of avoiding or preventing a lawful arrest; (3) the murder was committed for pecuniary gain;" (4) HAC; and (5) CCP. Card v. State, 803 So. 2d 613, 618 (Fla. 2001). The trial court found no statutory mitigation but did find seven nonstatutory mitigating circumstances:

> (1) Card's upbringing was "harsh and brutal" and his family background included an abusive stepfather (some weight); (2) Card has a good prison record (slight weight); (3) Card is a practicing Catholic and made efforts for other inmates to obtain religious services (some weight); (4) Card was abused as a child (some weight); (5) Card served in the Army National Guard and received an honorable discharge (some weight); (6) Card has artistic ability (little weight); and (7) Card has corresponded with school children to deter them from being involved in crime (some weight).

Id. at 618-19. Granting Card's petition for a writ of habeas corpus, this Court explained:

> This Court has no way of knowing if the jury unanimously found each aggravating factor, whether the aggravating factors were sufficient to impose a death sentence, or whether the aggravating factors outweighed the mitigating circumstances. Further, this Court cannot

speculate why the one juror who voted to recommend a sentence of life imprisonment determined that a sentence of death was not the appropriate punishment.

Card, 42 Fla. L. Weekly at S527. Accordingly, the Court vacated Card's sentence of death and remanded for a new penalty phase pursuant to Hurst. Id. at S527-28. As Bailey stated, through counsel, in his Notice of Supplemental Authority citing Card, "Petitioner's case is in an identical posture to Mr. Card's."

In this case, due to the jury's nonunanimous vote of 11-1 to recommend a sentence of death, this Court cannot conclude beyond a reasonable doubt that the jury unanimously found that the aggravating factors were sufficient to impose a sentence of death or that the aggravation outweighed the mitigation. Majority op. at 3. Nor can we speculate why the one dissenting juror determined that a sentence of death was inappropriate. Thus, the Hurst error in Bailey's case is not harmless beyond a reasonable doubt, and he is entitled to a new penalty phase. Accordingly, I concur.

LAWSON, J., concurring specially.

See Okafor v. State, 42 Fla. L. Weekly S639, S641, 2017 WL 2481266, at *6 (Fla. June 8, 2017) (Lawson, J., concurring specially).

Original Proceeding – Habeas Corpus

Clyde M. Taylor, Jr., of Taylor & Taylor, LLC, Saint Augustine, Florida; and Billy H. Nolas, Chief, Capital Habeas Unit, Office of the Federal Public Defender, Northern District of Florida, Tallahassee, Florida,

for Petitioner

Pamela Jo Bondi, Attorney General, and Charmaine M. Millsaps, Senior Assistant Attorney General, Tallahassee, Florida,

for Respondent