PARIENTE, J.,
concurring.
I concur in the majority’s decision to grant Bailey, a new penalty phase pursuant to Hurst v. State (Hurst), 202 So.3d 40 (Fla. 2016), cert. denied, — U.S. —, 137 S.Ct. 2161, 198 L.Ed.2d 246 (2017). Majority op. at 777-78; see Bailey v. State, 998 So.2d 545, 561 (Fla. 2008). I write separately to emphasize the mitigation presented during the penalty phase of Bailey’s trial.
During, the penalty phase, Bailey presented evidence of the following statutory mitigation: Bailey’s capacity to appreciate the criminality of his conduct was substantially impaired; Bailey was under the influence of extreme emotional disturbance; and Bailey’s young age at the time of the crime. Bailey, 998 So.2d at 551; see § 921.141(6), Fla. Stat. (2008). The trial court found that Bailey’s age at the time of the crime was established but “entitled to very little weight” and determined that “Bailey failed to reasonably establish .either of the statutory mental mitigators.” Bailey, 998 So.2d at 551.
Bailey also presented evidence as to the following nonstatutory mitigation: Bailey’s low IQ; Bailey had a history of mental health problems; Bailey previously spent time in. a juvenile facility and was prescribed numerous medications in an attempt to deal with mental health problems; Bailey was intoxicated at the time of the crjme; Bailey came from a broken home; Bailey, had poor performance as a student; Bailey showed concern for the victim shortly after arrest; and Bailey was. very respectful to the court, attorneys, and staff during trial. Id. at 551-52.
This cáse is similar to many recént cases where we have granted Hurst relief. In McGirth V. State, 209 So.3d 1146 (Fla. 2017), like this case, the jury voted 11-1 to recommend a sentence of death. Id. at 1150. The aggravating factors found in McGirth were also similar' to Bailey’s case:
(1) the murder was committed in a cold, calculated, and premeditated manner without any pretense of moral or legal justification (CCP) (great weight); (2) the murder was heinous, atrocious, or cruel (HÁC) (great weight); (3) prior violent felony, based on the contemporaneous conviction for the attempted murder of James Miller (great weight); (4) the murder occurred during the commission of a robbery (great weight); and (5) the murder was committed primarily to avoid arrest (moderate weight).
Id. at 1151-52. Reviewing MeGirth’s petition for a writ of habeas corpus, this Court concluded that the State could not meet its burden of proving “beyond a reasonable doubt that the jury’s failure to unanimously find all th¿ facts necessary for imposition of the death penalty did not contribute to the sentence.” Id. at 1164. Thus, the Court granted MeGirth’s petition for a writ of habeas corpus, vacated MeGirth’s .death sentence, and remanded for a new penalty phase pursuant to Hurst. Id. at 1164-65.
In Jackson v. State, 213 So.3d 754 (Fla. 2017), the jury recommended a sentence of death by a-vote of 11-1. Id. at 768. The trial court found that the State had proven two aggravating factors “beyond a reasonable doubt:, the murder was committed *779 during the commission of a sexual battery and HAC.” Id However, the trial court concluded that the State did not prove the CCP aggravating factor, on which the jury was instructed. Id. The trial court also found fourteen nonstatutory mitigating circumstances. Upon review on direct appeal, this Court vacated Jackson’s sentence of death and remanded for a new penalty phase pursuant to Hurst, explaining:
To the extent that the jury’s recommendation can be understood as a proxy for the necessary factual findings—a matter that the United States Supreme Court cautioned against—at least one juror apparently concluded either that sufficient aggravating [factors] did not exist, that the mitigation outweighed the aggravation, or both. Therefore, Jackson’s sentence violated the Sixth Amendment under Ring [v. Arizona, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002),] and Hurst v. Florida[, — U.S. —, 136 S.Ct. 616, 193 L.Ed.2d 504 (2016)].
Id. at 785 (footnote omitted).
Likewise, in Orme v. State, 214 So.3d 1269 (Fla. 2017), involving another 11-1 jury recommendation for death, the trial court found three aggravating factors—the murder was committed in the course of a sexual battery, HAC, and pecuniary gain— and two mitigating circumstances. Id. at 1270. Upon review, this Court concluded:
Given the jury vote of eleven to one, it is impossible for this Court to determine which, if any, of the aggravators the jury would have found unanimously if properly instructed. Moreover, we cannot determine whether the jury would have found “that there were sufficient aggravating factors to outweigh the mitigating circumstances.” [Hurst, 202 So.3d at 68.] Accordingly, we cannot conclude that the Hurst error in this case was harmless beyond a reasonable doubt.
Id. at 1274. Accordingly, we vacated Orme’s sentence of death and remanded for a new penalty phase pursuant to Hurst. Id.
Most recently in Card v. Jones, 219 So.3d 47, 2017 WL 1743835 (Fla. May 4, 2017), this Court granted Hurst relief based on the 11-1 jury vote recommending death. At Card’s sentencing, “the trial court found five aggravating factors: (1) the murder was committed while the defendant was engaged in the commission of a kidnapping; (2) the murder was committed for the purpose of avoiding or preventing a lawful arrest; (3) the murder was committed for pecuniary gain;” (4) HAC; and (5) CCP. Card v. State, 803 So.2d 613, 618 (Fla. 2001). The trial court found no statutory mitigation but did find seven nonstatutory mitigating circumstances:
(1) Card’s upbringing was “harsh and brutal” and his family background included an abusive stepfather (some weight); (2) Card has a good prison record (slight weight); (3) Card is a practicing Catholic and made efforts for other inmates to obtain religious services (some weight); (4) Card was abused as a child (some weight); (5) Card served in the Army National Guard and received an honorable discharge (some weight); (6) Card has artistic ability (little weight); and (7) Card has corresponded with school children to deter them from being involved in crime (some weight).
Id. at 618-19. Granting Card’s petition for a writ of habeas corpus, this Court explained:
This Court has no way of knowing if the jury unanimously found each aggravating factor, whether the aggravating factors were sufficient to impose a death sentence, or whether the aggravating factors outweighed the mitigating circumstances. Further, this Court cannot speculate why the one juror who voted *780 to recommend a sentence of life imprisonment determined that a sentence of death was not the appropriate punishment.
Card, 219 So.3d at 48. Accordingly, the Court vacated Card’s sentence of death and remanded for a new penalty phase pursuant to Hurst. Id. at 48. As Bailey stated, through counsel, in his Notice of Supplemental Authority citing Card, “Petitioner’s case is in an identical posture to Mr. Card’s.”
In this case, due to the jury’s nonunani-rnous vote of 11-1 to recommend a sentence of death, this Court cannot conclude beyond a reasonable doubt that the jury unanimously found that the aggravating factors were sufficient to impose a sentence of death or that the aggravation outweighed the mitigation. Majority op. at 777-78. Nor can we speculate why the one dissenting juror determined that a sentence of death was inappropriate. Thus, the Hurst error in Bailey’s case is not harmless beyond a reasonable doubt, and he is entitled to a new penalty phase. Accordingly, I concur.