# Supreme Court of Florida

_____

No. SC17-349
_____

**NOEL DOORBAL,**
Petitioner,

vs.

**JULIE L. JONES, etc.,**
Respondent.

[September 20, 2017]

PER CURIAM.

This case is before the Court on the petition of Noel Doorbal for a writ of habeas corpus. We have jurisdiction. See art. V, § 3(b)(9), Fla. Const.

## FACTS

We previously detailed the gruesome and intricate facts surrounding Doorbal's crimes on his direct appeal. Doorbal v. State, 837 So. 2d 940, 944-52 (Fla. 2003). Relevant here, Doorbal was convicted and sentenced to death for the first-degree murders of Frank Griga and Krisztina Furton. Id. at 951. A jury recommended a sentence of death by a vote of eight to four, and the trial court sentenced Doorbal to death for both murders. Id.

In his sentencing order, the trial judge found a total of six aggravators: that Doorbal had been convicted of a prior violent felony; that the murders were committed to avoid arrest, for pecuniary gain, and in the course of a kidnapping; and that they were cold, calculated, and premeditated (CCP), and heinous, atrocious, or cruel (HAC). All but HAC applied to both murders. The court found that the HAC aggravating factor applied to the Furton murder only. Each aggravator was accorded great weight. The trial judge did not find any statutory mitigators, but did find six nonstatutory mitigators: that Doorbal had a difficult childhood, was a hard-working and loyal employee, was a loyal friend and positive influence on others, had religious devotion and the ability to help others with religious beliefs, exhibited appropriate courtroom behavior, and that life imprisonment would remove the menace to society. Each nonstatutory mitigator was accorded little weight.

Id. at 951-52.

On direct appeal, we affirmed Doorbal's convictions and sentences. Id. at 963. The United States Supreme Court denied certiorari review on June 27, 2003. Doorbal v. Florida, 539 U.S. 962 (2003).

## ANALYSIS

We conclude that the appropriate action is to grant Doorbal's petition, vacate his sentence, and remand for a new penalty phase. Here, the jury recommended death by a vote of eight to four. Thus, Doorbal's death sentence violated the central holding in Hurst v. State: all critical findings for the imposition of death must be found unanimously by the jury. Hurst v. State, 202 So. 3d 40, 44 (Fla. 2016), cert. denied, 137 S. Ct. 2161 (2017).

In Mosley v. State, we held that Hurst applies retroactively to those postconviction defendants whose sentences became final after the United States Supreme Court's June 24, 2002, decision in Ring v. Arizona, 536 U.S. 584 (2002). Mosley v. State, 209 So. 3d 1248, 1283 (Fla. 2016). Doorbal's convictions became final on June 27, 2003. Doorbal, 539 U.S. 962. Thus, Doorbal falls within the category of defendants to whom Hurst is applicable. See Hertz v. Jones, 218 So. 3d 428 (Fla. 2017); Hernandez v. Jones, 217 So. 3d 1032 (Fla. 2017); Card v. Jones, 219 So. 3d 47 (Fla. 2017).

Accordingly, the issue is then whether any error that occurred during the penalty phase was harmless beyond a reasonable doubt. Although three aggravating factors were necessarily found by a unanimous vote of the jury—(1) conviction of a prior violent felony; (2) the capital felony was committed while Doorbal was engaged in the commission of a kidnapping; and (3) the capital felony was committed for pecuniary gain—whether these aggravating circumstances were "sufficient" to qualify Doorbal for the death penalty would also be a jury determination. Because the jury vote was eight to four, there is no way of knowing if such a finding was unanimous. Moreover, there is no way of knowing if the jury found any of the other aggravating circumstances unanimously,[1] or if any

_____

1. Two of the non-automatic aggravators—HAC and CCP—are among the weightiest in Florida. Jackson v. State, 18 So. 3d 1016, 1035 (Fla. 2009).

aggravators that were unanimously found were also unanimously found to outweigh the mitigation, which is necessary for imposing the death penalty. <u>Hurst</u>, 202 So. 3d at 68; <u>Deviney v. State</u>, 213 So. 3d 794, 800 (Fla. 2017).

In sum, any attempt to determine what findings were made by the jurors who voted for life and the jurors who voted for death would amount to speculation and cannot rise to the level of proof beyond a reasonable doubt. Accordingly, the error in this case cannot be considered harmless. Thus, we grant the petition for a writ of habeas corpus, vacate Doorbal's death sentence, and remand for a new penalty phase proceeding. <u>See</u> <u>Hertz</u>, 218 So. 3d 428; <u>Hernandez</u>, 217 So. 3d 1032; <u>Card</u>, 219 So. 3d 47.

## CONCLUSION

Based on the foregoing, we grant the petition for a writ of habeas corpus, vacate Doorbal's sentence, and remand for a new penalty phase proceeding consistent with <u>Hurst</u>.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, and QUINCE, JJ., concur.
LAWSON, J., concurs specially with an opinion.
CANADY and POLSTON, JJ., dissent.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

LAWSON, J., specially concurring.

See Okafor v. State, 42 Fla. L. Weekly S639, S641, 2017 WL 2481266, at

*6 (Fla. June 8, 2017) (Lawson, J., concurring specially).

Original Proceeding – Habeas Corpus

Maria del Carmen Calzon of Offices of Maria del Carmen Calzon, P.A., Coral Gables, Florida,

for Petitioner

Pamela Jo Bondi, Attorney General, Tallahassee, Florida; and Melissa Roca, Assistant Attorney General, Miami, Florida,

for Respondent