# Supreme Court of Florida

_____

No. SC2022-0338

_____

**RODERICK MICHAEL ORME,**
Appellant,

vs.

**STATE OF FLORIDA,**
Appellee.

May 18, 2023

PER CURIAM.

Roderick Michael Orme appeals the sentence of death imposed at his second resentencing for the 1992 first-degree murder of Lisa Redd, a nurse personally known to Orme.[1]  In the proceeding below, Orme waived the right to a penalty-phase jury, and the trial judge imposed the death sentence after finding that three aggravating factors were proven beyond a reasonable doubt and far outweighed certain mitigation.  Because the two issues Orme raises on appeal are foreclosed by this Court's jurisprudence, we affirm.

---

1.  We have jurisdiction.  _See_ art. V, § 3(b)(1), Fla. Const.

## BACKGROUND

The facts relating to the murder are set forth in this Court's opinion in Orme's direct appeal of his conviction and sentence. *Orme v. State*, 677 So. 2d 258, 260-61 (Fla. 1996). In short, Redd's body was found in Orme's motel room soon after a "disoriented" Orme appeared at a substance abuse recovery center in Panama City and wrote down the motel name and room number. *Id.* at 260. Among other things, Orme was charged with and convicted of first-degree murder. *Id.* at 260-61. The jury recommended death by a vote of seven to five, and the trial court sentenced Orme to death after finding that three aggravators—(i) committed in the course of a sexual battery; (ii) heinous, atrocious, or cruel (HAC); and (iii) committed for pecuniary gain—were proven and outweighed the mitigation. *Id.* at 261. This Court affirmed in 1996. *Id.* at 264.

This Court has since granted Orme two new penalty-phase proceedings, including the one at issue here. In 2005, this Court ordered Orme's first new penalty phase after determining Orme had been "denied effective assistance of counsel during the penalty phase of his trial." *Orme v. State*, 896 So. 2d 725, 731 (Fla. 2005). The new penalty phase again resulted in an affirmed death

sentence, this time based on an eleven-to-one jury recommendation of death and on the trial court's finding of the same three aggravators as in the initial penalty phase. *Orme v. State*, 25 So. 3d 536, 542-43, 553 (Fla. 2009). In 2017, this Court then ordered a new penalty phase based on *Hurst v. Florida*, 577 U.S. 92 (2016), as interpreted by *Hurst v. State*, 202 So. 3d 40 (Fla. 2016), *receded from in part by State v. Poole*, 297 So. 3d 487 (Fla. 2020). *Orme v. State*, 214 So. 3d 1269, 1270 (Fla. 2017).

In the instant penalty-phase proceeding, Orme waived a penalty-phase jury, the presentation of mitigating evidence, and his presence. During the bench trial, the State argued for the same three aggravators, the trial court took judicial notice of the entire case file, and the State introduced victim impact statements.

At the *Spencer*[2] hearing, defense counsel asked the court to consider Justice Breyer's opinion dissenting from the denial of certiorari in *Elledge v. Florida*, 525 U.S. 944 (1998) (Mem.). There, Justice Breyer, relying in part on Justice Stevens' memorandum respecting the denial of certiorari in *Lackey v. Texas*, 514 U.S. 1045

---

2. *Spencer v. State*, 615 So. 2d 688 (Fla. 1993).

(1995) (Mem.), argued that the Court should have considered the petitioner's claim "that the Constitution forbids his execution after a delay of [23 years on death row]." *Elledge*, 525 U.S. at 944 (Breyer, J., dissenting from denial of certiorari). Here, citing Justice Breyer's dissent in *Elledge*, defense counsel stated "that delays such as the one [that] has happened in Mr. Orme's case -- we're talking approximately 29 years -- violate or can violate the Eighth Amendment."

At the sentencing hearing, the trial court ultimately imposed a sentence of death. In the written sentencing order, the court found the three aggravators had been proven beyond a reasonable doubt, assigning them weight as follows: (1) committed while engaged in the commission of any sexual battery (great weight); (2) committed for pecuniary gain (great weight); and (3) HAC (very great weight).

The trial court also found the following mitigating circumstances had been established, giving them weight as follows: (1) lack of significant criminal history (little weight); (2) Orme's capacity to appreciate the criminality of his conduct or to conform his conduct to the requirements of law was substantially impaired (little weight); (3) Orme's childhood (little weight); (4) "some extent of

- 4 -

mental disturbance" (some weight); (5) Orme's previous relationship with his ex-wife and child (little weight); (6) Orme's remorse during the proceedings (little weight); and (7) the contribution of Orme's mental health diagnosis to his substance abuse (some weight).

In the end, after finding that the three aggravators—"both collectively and individually"—were "sufficient to warrant the death penalty" and "far outweigh[ed] the mitigating circumstances," the trial court imposed a sentence of death. According to the court, death was "the only appropriate penalty." Orme now appeals.

## ANALYSIS

Orme first argues that "the totality of the circumstances"—including "the 30-year delay between offense and [current] sentencing," his successful challenges of both previous death sentences, and his purported reformation—render his death sentence cruel and unusual in violation of the Eighth Amendment to the United States Constitution and article I, section 17 of the Florida Constitution. Although "no federal or state court has accepted the argument that a prolonged stay on death row constitutes cruel and unusual punishment," *Booker v. State*, 969 So. 2d 186, 200 (Fla. 2007), Orme insists that his so-called *Lackey*

claim is different. We are not persuaded by Orme's arguments and instead adhere to our established precedent rejecting so-called *Lackey* claims.

We have repeatedly rejected similar claims, including in cases involving death-row stays that exceeded Orme's thirty years. *See, e.g., Long v. State*, 271 So. 3d 938, 946 (Fla. 2019) (affirming summary denial of this claim where Long had spent "more than 30 years . . . on death row," and reasoning that this Court has "repeatedly rejected similar claims"); *Ferguson v. State*, 101 So. 3d 362, 366 (Fla. 2012) (rejecting this claim by a defendant "incarcerated on death row for over three decades," and noting this Court has "repeatedly rejected this claim for sentences of similar length"). Indeed, in the postconviction context, we have repeatedly described this claim as "facially invalid," including in a case in which the defendant had successfully challenged his death sentence not twice but four times. *Lucas v. State*, 841 So. 2d 380, 389 (Fla. 2003). Orme's decades on death row do not render his current death sentence violative of the Eighth Amendment. We thus reject Orme's claim.

In his second and final issue, Orme argues that although the trial court found three aggravators were proven beyond a reasonable doubt, were "sufficient to warrant the death penalty," and "far outweigh[ed] the mitigating circumstances," the trial court nevertheless fundamentally erred by failing to expressly make the sufficiency and weighing determinations "beyond a reasonable doubt." Orme, who waived a penalty-phase jury, argues that because section 921.141, Florida Statutes (2022), does not allow a death sentence to be imposed unless the court determines that sufficient aggravating factors exist that outweigh the mitigating circumstances, then these determinations—like the finding of an aggravator—must be found beyond a reasonable doubt. Orme's argument is without merit.

As an initial matter, section 921.141 itself does not impose any "beyond a reasonable doubt" requirement on the trial court's sufficiency and weighing determinations. *See* § 921.141(3)(b), (4), Fla. Stat. Instead, the statute "subject[s] only the trial court's finding of the existence of at least one aggravating factor to the beyond a reasonable doubt standard of proof." *Lawrence v. State*, 308 So. 3d 544, 552 n.8 (Fla. 2020) (citing § 921.141(3)(b), Fla.

Stat. (2018)).[3]  So, Orme's argument unsurprisingly finds no support in the statute.

Orme's argument also fails under our recent caselaw, which consistently holds that the sufficiency and weighing determinations "are not subject to the beyond a reasonable doubt standard of proof."  *Rogers v. State*, 285 So. 3d 872, 886 (Fla. 2019); *see also, e.g., Newberry v. State*, 288 So. 3d 1040, 1047 (Fla. 2019) (citing *Rogers* and holding "that these determinations are not subject to the beyond a reasonable doubt standard of proof"); *Davidson v. State*, 323 So. 3d 1241, 1247 (Fla. 2021) (rejecting "the faulty premise that the sufficiency and weighing determinations of section 921.141 are subject to the beyond-a-reasonable-doubt standard"); *Bell v. State*, 336 So. 3d 211, 217 (Fla. 2022) (rejecting the argument that "the weighing determinations in section 921.141 are subject to the beyond-a-reasonable-doubt standard").  We decline Orme's invitation to revisit this precedent.

---

3.  In cases involving a penalty-phase jury, section 921.141 similarly imposes a "beyond a reasonable doubt" requirement only on the jury's finding of an aggravator and not on the jury's sufficiency and weighing determinations.  *Compare* § 921.141(2)(a), Fla. Stat., *with* § 921.141(2)(b)2., Fla. Stat.

# CONCLUSION

For the reasons stated above, we affirm Orme's sentence of death.

It is so ordered.

MUÑIZ, C.J., and CANADY, LABARGA, COURIEL, GROSSHANS, and FRANCIS, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

An Appeal from the Circuit Court in and for Bay County
    Brantley S. Clark Jr., Judge
    Case No. 031992CF000442XXAXMX

Jessica J. Yeary, Public Defender, and Barbara J. Busharis, Assistant Public Defender, Second Judicial Circuit, Tallahassee, Florida,

    for Appellant

Ashley Moody, Attorney General, and Steven Woods, Assistant Attorney General, Tallahassee, Florida,

    for Appellee